502 So.2d 1343 (1987)
Eddie James NEVES, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2252.
District Court of Appeal of Florida, Second District.
February 25, 1987.
*1344 James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Theda R. James, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Appellant Eddie James Neves challenges the trial court's revocation of his probation. We reverse.
Appellant was serving probation for dealing in stolen property. He was charged with violating the conditions of his probation by failing to submit written monthly reports and failing to pay costs of supervision and court costs. The trial judge found appellant in violation of both conditions and revoked his probation and sentenced him to prison.
There is substantial competent evidence in the record to support the trial court's finding that appellant failed to file the required monthly reports. However, no evidence was presented to establish that appellant had the ability to make the required payments. Therefore, the trial court erred in finding that he violated his probation by failing to pay the various costs. Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979).
This court has held that failure to file monthly reports is a substantial violation of probation sufficient by itself to support revocation of probation. Sampson v. State, 375 So.2d 325 (Fla. 2d DCA 1979). However, in this case, unlike Sampson, it is not clear that the trial court would have revoked appellant's probation based solely on this violation.
Accordingly, we reverse the order of revocation and remand this cause to permit the court to consider whether the violation of the condition requiring submission of monthly reports warrants revocation. See Clemons v. State, 388 So.2d 639 (Fla. 2d DCA 1980); Tuff v. State, 338 So.2d 1335 (Fla. 2d DCA 1976).
SCHOONOVER and FRANK, JJ., concur.