541 So.2d 1344 (1989)
Cornelius MURVIN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-00944.
District Court of Appeal of Florida, Second District.
April 21, 1989.
James Marion Moorman, Public Defender and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
*1345 Robert A. Butterworth, Atty. Gen., Tallahassee and Donna A. Provonsha, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant pled guilty to four counts of attempted sexual battery on persons less than twelve years of age and to one count of lewd, lascivious or indecent assault on a child under sixteen, and was placed on probation for twelve years. Condition (20) of appellant's probation is that he have "[n]o contact with victims, direct or indirect without written permission from Probation Officer." Subsequently, appellant's probation was revoked and he was sentenced to concurrent twelve-year sentences from which he appeals.
Appellant was charged with two violations of probation as follows:
[P]robationer had contact with LaDean Gullette. In that on 6/14/86, at 2:30 a.m., he called her at her place of work. Further violated this condition on 6/24/86, approx. 9:20 p.m. by sitting in a car in front of her house and calling to her. These technical violations took place in Hillsborough County.
[T]hat as of 3/25/87, probationer's Probation Officer, James Burke, has not received Written Monthly Reports for the months of September, October, November, December, 1986 and January, February, 1987.
At the revocation hearing, LaDean Gullette, the victims' mother, testified to the first violation alleged above. The problem was that appellant's contact was with the victims' mother and not the victims themselves. The state argues that the encounter at the house was indirect contact because the victims could have seen appellant if they had looked out of the house. However, the judge ruled on this violation as follows: "All right. Don't worry about it. I don't think this is broad enough. From now on, have this say `victims, victim's family or friends or anybody remotely connected with the victims.' All right. We are just on the reports." (T 20). Although the order of revocation of probation recites this as one of the two grounds for revocation, it is contrary to the finding of the trial judge in open court, and that portion of the order must be stricken.
The sole remaining ground for revocation was for failure to file written monthly reports in the months specified above. All of those months were subsequent to when appellant was informed that he was being charged with violation of the condition proscribing contact with the victims. Appellant testified that he continued to report in person to the probation officer after that date and continued to make his payments. He also testified, in effect, that after he was charged with the first violation, he was led to believe that he did not have to make written reports. The probation officer testified that he never told appellant he could stop filing the written reports, but admitted that appellant continued to come into his office to meet with him at the appointed times.
We find that there was, at the least, confusion over whether appellant was to continue filing written reports. Therefore, there was not sufficient evidence of willfulness to violate this condition of probation.
Reversed.
CAMPBELL, C.J., and SCHOONOVER and HALL, JJ., concur.