HALL, Judge.
Nathaniel Jackson appeals from his judgment and sentence for robbery following revocation of his probation. He argues that there was no evidence presented at the revocation hearing that he had the ability to pay supervision costs or that he willfully refused to submit the reports required by the terms of his probation. We affirm the appellant’s judgment and sentence, but strike the portion of the trial court’s revocation order that finds the appellant in violation of condition (2), which requires him to pay the cost of his supervision.
The record shows that after successfully completing one and one-half years of probation, the appellant was charged with violating conditions (1) and (2) of his probation. The affidavit of violation of probation alleges that the appellant failed to submit monthly reports to his probation officer for seven months, failed to keep his probation officer apprised of his current whereabouts, and failed to pay the cost of his supervision. The appellant pled guilty to the violation charges but contended that his failure to comply with the probation terms was not willful and requested that the court reinstate his probation. He stated that he was recovering from gunshot wounds and, therefore, could not make his reports on time or work to pay for his supervision.
The appellant argues that probation cannot be revoked based on a failure to pay costs or meet financial obligations absent evidence that the probationer had the ability to pay. McCrary v. State, 464 So.2d 670 (Fla. 2d DCA 1985). We agree that the state failed to present any evidence that the appellant, who was declared by the court to be indigent, had the ability to pay supervision costs. Therefore, we strike that portion of the revocation order which finds the appellant in violation of condition (2). However, since the appellant admitted that he failed to submit monthly reports and keep the probation officer apprised of his whereabouts, there was sufficient ground to support the trial court’s decision to revoke the appellant’s probation. See e.g., Grimsley v. State, 408 So.2d 1075 (Fla. 2d DCA 1982).
Accordingly, we affirm the appellant’s judgment and sentence, but strike the portion of the revocation order which finds the appellant in violation of condition (2).
FRANK, A.C.J., and ALTENBERND, J., concur.