STONE, Judge.
The trial court revoked Edwards’ probation based on his failure to file a truthful report and for leaving the county without permission. We affirm.
The appellant contends that the violations were neither substantial nor did sufficient evidence exist of willfulness. Cf. Grant v. State, 461 So.2d 1375 (Fla. 4th DCA 1985); Murvin v. State, 541 So.2d 1344 (Fla. 2d DCA 1989). He claims that his assertion of gainful employment by Radio Shack in his monthly report was truthful, and that his first probation officer knew he regularly traveled out of the county for work. However, upon an examination of the record, we cannot conclude that the revocation was an abuse of discretion. E.g. Warren v. State, 499 So.2d 55 (Fla. 4th DCA 1986); Jackson v. State, 546 So.2d 745 (Fla. 2d DCA 1989).
The evidence supports the conclusion by the trial court that Edwards’ story, that he did not realize that he had been fired, was totally unbelievable. The trial court determined that the appellant’s claim was incredible. Apparently, the appellant’s motivation was his desire to prevent his probation officer from learning that he confessed to a theft. This is enough to satisfy the conscience of a trial court that a defendant violated the terms of probation. See Hartman v. State, 557 So.2d 961 (Fla. 4th DCA 1990). See also, Bernhardt v. State, 288 So.2d 490 (Fla.1974). Therefore, we affirm the order and judgment. However, we remand for the trial court to correct the written order to conform to the court’s oral pronouncement by striking a reference to count IV of the warrant.
HERSEY, C.J., and ANSTEAD, J., concur.