PATTERSON, Judge.
The appellant challenges the sentence imposed upon her following the revocation of her probation. She argues that the trial court erred in exceeding the presumptive guidelines sentence on the basis of her multiple violations of probation. We agree and reverse.
The trial court stated that it was not going to follow the guidelines because of the “timing, rapid succession, number of violations and the egregiousness of her probation violations.” The state interprets the trial court’s statement to mean that the departure was based on the appellant’s escalating pattern of criminal conduct. It argues that an escalating pattern of criminal conduct can support departure, citing Keys v. State, 500 So.2d 134 (Fla.1986). There is no merit to this argument since the record fails to show that the appellant’s criminal conduct escalated.
Although a trial court may “bump up” a defendant’s score one cell for each violation of probation or community control, it may not depart from the guidelines on the basis of multiple violations of probation. Taylor v. State, 595 So.2d 956 (Fla.1992). In addition, factors relating to the violations of probation may not support departure. Hamilton v. State, 548 So.2d 234 (Fla.1989); Lipscomb v. State, 573 So.2d 429 (Fla. 5th DCA), appeal dismissed, 581 So.2d 1310 (Fla.1991).
Since the appellant violated probation and community control on three occasions, we remand to the trial court for resentenc-ing to no more than three cells above the appellant’s score. See Williams v. State, 594 So.2d 273 (Fla.1992).
Reversed and remanded.
LEHAN, C.J., and PARKER, J., concur.