FRANK, Judge.
Robert Williams has appealed from a departure sentence imposed following revocation of probation. Because we perceive a multitude of problems in this case, we reverse and remand for resentencing within the guidelines.
First, the trial court apparently sentenced Williams without reference to an accurate scoresheet. The transcript of the sentencing hearing reflects nothing but confusion as to the appropriate guidelines range, and it is apparent that the prosecutor had not prepared a scoresheet accurately documenting Williams’ prior convictions.
The trial court’s error in sentencing Williams without a correct scoresheet was compounded by its preparation of two orders with reasons for exceeding the guidelines, one of which predated the actual sentencing. The contemporaneously *643 filed order contains three reasons for departure, none of which is sufficient: the fact that Williams sold cocaine while on probation, that he was not amenable to probation, and that he engaged in a persistent pattern of criminal conduct. An upward departure cannot be based on factors related to the criminal act forming the basis for the violation. Lambert v. State, 545 So.2d 838 (Fla.1989). The fact that Williams was unsuccessful in completing probation relates to his successive violations, the penalty for which is a one-cell bump for each violation. Williams v. State, 594 So.2d 273 (Fla.1992); Bowen v. State, 606 So.2d 1261 (Fla. 2d DCA 1992). Finally, his “continuing and persistent pattern of criminal activity” is a reason related to his record and is taken into account in computing the guidelines sentence.
Reversed and remanded for resentencing within the guidelines.
SCHOONOVER, A.C.J., and PARKER, J., concur.