621 So.2d 679 (1993)
Daniel Edward MANIES, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01191.
District Court of Appeal of Florida, Second District.
March 3, 1993.
James Marion Moorman, Public Defender, and John S. Lynch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
BLUE, Judge.
Daniel Edward Manies (Manies) appeals the revocation of his probation and resulting sentence. He contends the record does not reflect sufficient proof of violations to justify revocation of probation. We agree.
Manies was arrested and as a result was charged with a violation of his order of probation related to living in conformance with the law. The only evidence presented on this issue at the revocation hearing was that he had been arrested. The revocation of probation was improper based solely upon proof of a probationer's arrest. Hines v. State, 358 So.2d 183 (Fla. 1978); Brown v. State, 338 So.2d 573 (Fla. 2d DCA 1976).
Revocation of Manies' probation for failure to pay costs was also error. Revocation on this basis is improper absent evidence of the probationer's ability to pay. Jackson v. State, 546 So.2d 745 (Fla. 2d DCA 1989). Manies testified he was unable to make the payments. The probation officer "presumed" Manies had the ability to pay his costs. Where a probation officer only "believed" a defendant was working and "felt" he could pay, the evidence was insufficient to revoke his probation. McPherson v. State, 530 So.2d 1095 (Fla. 1st DCA 1988). The trial court could not and did not find from the evidence presented that Manies had the ability to pay the costs of supervision.
We reverse and remand for the trial court to set aside the revocation of probation and resulting sentence and to reinstate Manies' probation. Manies' other contentions on appeal are without merit or are rendered moot as a result of our decision.
FRANK, A.C.J., and ALTENBERND, J., concur.