BLUE, Judge.
Wendy Iaconetti challenges the trial court’s revocation of her probation and the assessment of $150 for the court improvement fund. We reverse and remand.
Iaconetti allegedly violated three conditions of probation: condition (1) requiring her to file monthly reports, condition (2) requiring her to meet with her probation officer, and condition (9) requiring her to pay costs of supervision. The trial court found that Iaconetti violated conditions (2) and (9) and revoked her probation. Although the written order of revocation reflects that Ia-conetti violated condition (1), the trial court found no violation of this condition at the hearing.
Regarding condition (9), the State failed to present any evidence showing that Iaconetti had the ability to pay the costs of supervision. Thus we conclude that the evidence was insufficient to revoke her probation for failing to pay these costs. See Manies v. State, 621 So.2d 679 (Fla. 2d DCA 1998). Iaconetti’s revocation of probation is, therefore, based only on her failure to keep appointments with her probation officer. From the record, we cannot determine whether the trial court would have revoked Iaconetti’s probation based on this violation alone. See Neves v. State, 502 So.2d 1343 (Fla. 2d DCA 1987).
Accordingly, the order of revocation is reversed and the case remanded. On remand, the trial court shall consider whether the violation of condition (2) warrants revocation of probation under the circumstances of this case. The trial court shall also strike the assessment for the court improvement fund because it is not authorized by statute. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc).
RYDER, A.C.J., and FULMER, J., concur.