CAMPBELL, Acting Chief Judge.
Appellant challenges the revocation of his probation and the departure sentence imposed upon the revocation. While we find no error in the revocation of appellant’s probation, we do find error in the court’s fifteen-year departure sentence. Accordingly, we affirm the revocation, but reverse and remand for resentencing within the guidelines.
Appellant had entered negotiated pleas of guilty to aggravated battery and battery in case no. 95-7805, and to aggravated assault in case no. 95-8975. The plea agreement specified that the maximum penalty appellant faced for aggravated assault was five years. Appellant was sentenced to five years probation on the aggravated battery, time served on the battery, and a concurrent term of five years probation on the aggravated assault. The probation conditions included standard condition five, which prohibited appellant from violating any law, and special condition “T,” which prohibited appellant from having any violent contact with anyone.
Five months later, an affidavit of violation of probation was filed, alleging that appellant’s arrest for aggravated child abuse constituted a violation of both standard condition five and special condition “T.” Specifically, it was alleged that appellant had violated standard condition five by violating a law. It was alleged that he had violated condition “T” by physically striking his girlfriend’s nineteen-month-old son, M.F., on the buttocks as punishment for a toilet training accident, causing bruising.
Although appellant maintained that the incident was merely a spanking, or corporal punishment, the court violated appellant’s probation on both standard condition five and special condition “T.”
At the probation revocation hearing, child care workers at the child’s day care center testified that on July 16, 1996, the day after the child had wet his pants and appellant had picked him up from day care, they observed bruising on the child’s buttocks. Lisa Denmark testified: “It was entirely purple, many with red dots all through it. And it was from the elastic of the underwear down to the bottom of the buttocks, all the way from side to side, from hip to hip.” Dana Denmark testified that she also observed that the child’s bottom was dark red and purple from *653 side to side and from the top of his underwear to the bottom of his buttocks. Larry Jarmon, the protective investigator for the Department of Children and Families, testified that the child had extensive bruising on his buttocks, from the top of his belt line to the bottom of the buttocks and from left to right. Jarmon introduced photographs of the bruising taken three days after the incident. After viewing the photographs, the court stated: “[T]his is not a case of corporal punishment, sir. The pictures are clear that this was not only child abuse, it is aggravated child abuse.... What you did, sir, shocks the conscience of this court’s mind.... [T]he punishment that you chose to inflict on this child is reprehensible.” According to a circuit clerk’s certificate on file with this court, those photographs are no longer available.
Given the unavailability of the photographs for our review, which were pivotal in the trial court’s determination, and the testimonial support for that determination, we defer to the trial court’s conclusion that appellant committed aggravated child abuse. We, therefore, find no error in the court’s determination that appellant violated his probation and we, accordingly, affirm that revocation.
The court, however, did err in sentencing appellant. The State concedes that the court improperly used the egregious nature of the current offense to bump appellant’s sentence to fifteen years. The reasons given for the bump were clearly due to the new offense, and this is not permissible. See Routenberg v. State, 677 So.2d 1325 (Fla. 2d DCA 1996); Williams v. State, 614 So.2d 642, 643 (Fla. 2d DCA 1993). Moreover, since aggravated assault is a third degree felony, with a maximum penalty of five years, a fifteen-year sentence was impermissible. We reverse and remand appellant’s sentence for resentencing within the guidelines.
We affirm the revocation of appellant’s probation, and reverse and remand for resen-tencing within the guidelines.
BLUE and QUINCE, JJ., concur.