711 So.2d 1378 (1998)
Oscar G. REYES, Appellant,
v.
STATE of Florida, Appellee.
No. 97-03400.
District Court of Appeal of Florida, Second District.
June 19, 1998.
Leon Campbell, Sarasota, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael J. Scionti, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The defendant, Oscar Reyes, appeals the revocation of his probation. He was placed on three years' probation for attempted sexual battery and was subsequently violated for burglarizing an automobile. The defendant seeks reversal on the bases that he did not have actual knowledge of probation condition five, which required him to "live without violating the law," and that the evidence does not support the trial court's finding that the defendant violated this condition. We affirm.
Probation condition five is a general probation condition for which knowledge is presumed. See Castro v. State, 708 So.2d 652 (Fla. 2d DCA 1998). Furthermore, the testimony presented at the revocation hearing establishes that the order of probation was read to the defendant by his probation officer. The testimony presented also supports the trial court's finding that the defendant violated probation condition five. When seeking revocation of probation for commission of a new offense, "[t]he state need only show by a preponderance of the evidence that the defendant committed the offense charged." See Robinson v. State, 609 So.2d 89, 90 (Fla. 1st DCA 1992). The State presented the victim's eyewitness testimony that he saw the defendant moving around alone inside the victim's parked car after midnight, that the defendant jumped out of the car when he saw the victim approach, that the defendant then threatened the victim with a screwdriver and that the defendant then jumped into his nearby station wagon and sped off. When officers stopped the defendant's station wagon, they found the victim's missing property inside. The trial court did not abuse its discretion when it revoked the defendant's probation based on this evidence. Accordingly, we affirm the revocation of the defendant's probation.
*1379 However, we remand for entry of a written order revoking the defendant's probation and specifying which conditions of probation the defendant was found to have violated. See Black v. Romano, 471 U.S. 606, 612, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985)(holding that a written order of revocation is mandatory); see, e.g., Hillman v. State, 663 So.2d 671 (Fla. 2d DCA 1995).
Affirmed and remanded for entry of a written probation order.
FULMER, A.C.J., and NORTHCUTT and CASANUEVA, JJ., concur.