724 So.2d 596 (1998)
Roderick BURSE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-01834
District Court of Appeal of Florida, Second District.
November 25, 1998.
*597 James Marion Moorman, Public Defender, and Douglas Chanco, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Roderick Burse appeals the trial court's order revoking his probation. We affirm that portion of the trial court's order finding violations of condition (7) and the court's order prohibiting contact with the victim. However, we remand to the trial court to strike that portion of the order finding violations of condition (9).
On January 4, 1996, Burse pleaded nolo contendere to the charge of aggravated assault on a pregnant woman, and the court sentenced him to four months' imprisonment, to be followed by three years of probation. Burse's plea and probation were subject to the following conditions:
(7) You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.
...
(9) You will promptly and truthfully answer all inquiries directed to you by the court or the officer, and allow your officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions your officer may give you.
Additionally, the court issued an order prohibiting Burse from having contact with the victim. On March 27, 1997, the trial court held a hearing on violation of probation charges and found Burse to be in violation of probation conditions (7) and (9) and the court's order prohibiting contact with the victim.
We conclude that there was sufficient evidence for the trial court to find that *598 Burse violated condition (7) of his probation by admitting to his probation officer, Officer Spurlock, that he smoked marijuana. Additionally, Officer Spurlock testified that he saw Burse with the victim on two occasions and that Burse admitted to having dinner with the victim on three occasions. This testimony constituted sufficient evidence to establish that Burse had contact with the victim. Therefore, the violations of condition (7) and the court's order prohibiting contact with the victim are affirmed.
However, we conclude that Burse did not violate the provisions in probation condition (9) for failing to provide Officer Spurlock with a copy of Burse's lease and for failing to allow Officer Willis to visit his residence. A violation of probation must be willful and substantial in order to require a revocation of probation. See Wagland v. State, 705 So.2d 1016, 1017 (Fla. 2d DCA 1998). Where a probationer makes a good faith attempt to comply with a condition of probation, any violation is not willful. See Richter v. State, 697 So.2d 939, 939 (Fla. 2d DCA 1997). Burse stated that he attempted to provide Officer Spurlock a copy of his lease, but Burse's landlord was on vacation. Burse did provide his landlord's telephone number and the date the landlord was to return. Although Burse failed to produce the lease upon the landlord's return from vacation, there appears to have been a good faith effort to comply with the request.
Further, where there is confusion over a duty established by a condition of probation, any violation is not willful. See Murvin v. State, 541 So.2d 1344, 1345 (Fla. 2d DCA 1989). Burse did not allow Officer Willis to enter his residence because Burse interpreted condition (9)'s statement that "[y]ou will ... allow your officer to visit in your home" to mean only his designated probation officer, Officer Spurlock. Accordingly, there is not sufficient evidence that Burse twice violated probation condition (9).
A revocation of probation stands even where findings for revocation are stricken where any violation sufficient for revocation remains. See Scott v. State, 446 So.2d 1105, 1105 (Fla. 2d DCA 1984). Accordingly, we affirm the revocation of probation and remand this case to the trial court to strike the improper findings of violations of condition (9).
Affirmed and remanded with directions to the trial court.
PARKER, C.J., and CAMPBELL and QUINCE, JJ., Concur.