746 So.2d 1174 (1999)
Jose ONTIVEROS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-04954.
District Court of Appeal of Florida, Second District.
December 8, 1999.
James Marion Moorman, Public Defender and Douglas Chanco, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant challenges his judgment and sentence following the revocation of his community control. After a review of the record, we find no merit in his argument that his violations were neither wilful nor substantial and affirm the revocation based on appellant's violations of condition M (failure to perform community service hours), and condition 12 (failure to remain confined to his approved residence) without discussion.
However, while the amended affidavit of violation alleged that appellant violated condition 5 (refrain from committing new law violations) by virtue of his arrest for driving without a valid driver's license and for resisting an officer, the only evidence offered as to this violation at the revocation hearing was the testimony of community control officer Bell that appellant was arrested while he was away from his residence without permission. It is improper to revoke probation solely on proof that the probationer has been arrested. See Hines v. State, 358 So.2d 183 (Fla.1978); Manies v. State, 621 So.2d 679 (Fla. 2d DCA 1993). Therefore, if revocation was based in part on violation of this condition, it was improper.
Accordingly, we affirm revocation of appellant's community control based upon violations of conditions M and 12. Additionally, because a written revocation order setting forth the specific conditions violated is not included in the record before us, and it does not appear that one *1175 was ever filed, we remand for entry of such an order in accordance with this opinion.
Affirmed and remanded with directions.
PARKER and WHATLEY, JJ., Concur.