FULMER, Judge.
Jeffery L. Stevenson challenges the revocation of his probation. We reverse the finding that Stevenson violated Condition 5 and remand for reconsideration.
Stevenson was charged with violating Conditions 5, 8, 9, and 10. The affidavit alleged that he violated: Condition 5, by committing a new law violation, domestic violence battery; Condition 8, by failing to work diligently in a lawful occupation in that he failed to obtain gainful employment; Condition 9, by failing to comply with instructions, in that he was instructed to obtain gainful employment and to obtain a social security card; and Condition 10, by failing to make any payments toward his court-ordered monetary obligations. After a hearing, the trial court orally found Stevenson guilty of violating Conditions 5, 8, and 9.[1]
The only evidence presented that Stevenson committed the new law violation came from the probation officer who testified that Stevenson was arrested for a battery but the charge was nolle prossed because the victim could not be located. This testimony was insufficient to support the violation of Condition 5. See Ontiveros v. State, 746 So.2d 1174, 1174 (Fla. 2d DCA 1999) (“It is improper to revoke probation solely on proof that the probationer has been arrested.”).
Some testimony was presented to support the violation of Conditions 8 and 9. We are unable to determine from the record whether the trial court would have revoked Stevenson’s probation based on these violations alone. See Blair v. State, 805 So.2d 873, 878 (Fla. 2d DCA 2001); Iaconetti v. State, 668 So.2d 1079, 1080 (Fla. 2d DCA 1996). Therefore, we reverse for reconsideration of the revocation.
Reversed and remanded.
SALCINES and CANADY, JJ., concur.

. The order revoking probation incorrectly states that Stevenson pleaded guilty to the violation, when in fact he was found guilty after an evidentiary hearing. The order is also deficient in that it fails to identify the specific conditions that Stevenson was found to have violated. We point out these deficiencies in the order so that the trial court may rectify them on remand.