895 So.2d 1225 (2005)
Robert SHARPSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1939.
District Court of Appeal of Florida, Second District.
March 2, 2005.
James Marion Moorman, Public Defender, and Susan Martin, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
A revocation of probation based solely upon proof of an arrest is improper. For this reason, we reverse the revocation of Robert Sharpston's probation.
*1226 As the supreme court has explained, "[t]he Florida Statutes do not authorize, nor would our constitution permit, a permanent revocation of probation based solely upon proof of an arrest during the probationary period." Hines v. State, 358 So.2d 183, 185 (Fla.1978). At the revocation hearing, defense counsel stated that Sharpston wanted to admit being arrested; the judge informed Sharpston that he allegedly violated probation by being arrested for petit theft; and Sharpston agreed. Not once was Sharpston asked whether he actually committed the crime. Therefore, we are compelled to reverse. See, e.g., Stevenson v. State, 843 So.2d 1044 (Fla. 2d DCA 2003); Ontiveros v. State, 746 So.2d 1174 (Fla. 2d DCA 1999); Manies v. State, 621 So.2d 679 (Fla. 2d DCA 1993). We note that on remand, the State is not precluded from attempting to prove a violation based on the same circumstances as long as the period of supervision has not expired. See Wilson v. State, 842 So.2d 237 (Fla. 2d DCA 2003). Our disposition renders Sharpston's other issue on appeal moot.
Reversed and remanded.
CASANUEVA and KELLY, JJ., concur.