PER CURIAM.
William Reginald Parrish entered a plea to burglary with battery and criminal mischief and, consistent with the plea agreement, was sentenced to ten years of imprisonment to be followed by five years of probation. After preserving the issues through an unsuccessful Rule 3.800(b)(2) motion, Parrish argues on appeal that two conditions of probation are special conditions which were not pronounced at the sentencing hearing and are therefore invalid. We agree and reverse.
Paragraph 12 of the probation order in question provides:
You will submit to urinalysis, breathalyzer, or blood tests at any time requested by your officer, or the professional staff or any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs, or controlled substances. You shall be required to pay for the tests unless payment is waived by your officer. If you test positive for illegal substance, you must undergo a (drug/alcohol) evaluation, and it [sic] treatment is deemed necessary, you must successfully complete the treatment/aftercare.
The parties do not dispute, and we agree, that the testing requirement set forth in the first sentence of paragraph 12 is authorized by section 948.03(l)(k)l., Florida Statutes (2002) and is therefore a valid general condition which need not be pronounced at the time sentence is imposed. Brock v. State, 688 So.2d 909 (Fla.1997). The state argues that the second sentence of paragraph 12, requiring Parrish to pay the costs of such testing, is authorized by section 948.09(6), Florida Statutes. We agree with appellant, however, that the issue was settled adversely to the state in State v. Williams, 712 So.2d 762 (Fla.1998). The fact that the condition set forth in paragraph 12 of the order also states that Parrish must pay for the tests “unless payment is waived by your officer” does not compel a different result.[1]'
*1076 Finally, we find no statutory or rule authority that would make evaluation and treatment, and successful completion of the treatment, general conditions in this case which are exempt from the requirement that special conditions of probation must be pronounced at sentencing.
The cause is reversed and remanded for entry of an amended order of probation. The judgment and sentence are otherwise affirmed.
REVERSED.
ALLEN, DAVIS and BROWNING, JJ., concur.

. This same caveat appears in Florida Rule of Criminal Procedure 3.986(e) where the re-quiremenl that the defendant pay for the testing is listed as a special condition.