903 So.2d 1068 (2005)
Patricia E. PRINCE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-246.
District Court of Appeal of Florida, Second District.
June 29, 2005.
*1069 FULMER, Judge.
Patricia Prince raised four claims in a postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) and a fifth claim in a supplemental motion. The trial court denied the first claim on the merits, but failed to address Prince's remaining four claims. We reverse the trial court's order and remand for further proceedings.
Prince's first claim alleges that her sentence is illegal because the trial court lacked authority to revoke her probation based solely on an arrest. Citing Ontiveros v. State, 746 So.2d 1174 (Fla. 2d DCA 1999), Prince contends that an arrest alone is not a sufficient basis to revoke probation. The trial court reviewed and denied this claim on its merits without regard for whether the claim is cognizable under rule 3.800(a).[1] However, this claim is an attack on the sufficiency of the evidence for the revocation and is not cognizable in a rule 3.800(a) motion. See Shortridge v. State, 884 So.2d 321 (Fla. 2d DCA 2004) (claims related to convictions, and not sentences, are not cognizable under rule 3.800(a)).
The additional claims that the trial court failed to address include: (1) the revocation of probation was based on offenses not alleged in the charging document; (2) the trial court lacked subject matter jurisdiction; (3) her convictions for both battery and violating a domestic violence injunction are a violation of double jeopardy; and (4) the trial court lacked authority to revoke her community control because the original order placing her on community control was invalid.
On remand, the trial court should determine whether any of Prince's additional four claims are cognizable under rule 3.800(a). If these claims are not cognizable under rule 3.800(a), the trial court should consider whether these claims, as well as the first claim, are cognizable and facially sufficient under Florida Rule of Criminal Procedure 3.850. See Rinderer v. State, 857 So.2d 955, 957 (Fla. 4th DCA 2003) (requiring the trial court to consider whether claims improperly raised under rule 3.800(a) are facially sufficient under rule 3.850); see also Richardson v. State, 719 So.2d 39, 40 (Fla. 2d DCA 1998) *1070 ("Even though Richardson styled her motion as having been brought via rule 3.850, it would be in the interest of justice to treat any claims cognizable under rule 3.800(a) as having been raised in such a motion.").
Reversed and remanded for further proceedings.
CASANUEVA and DAVIS, JJ., Concur.
NOTES
[1] If, on remand, the trial court determines that this claim may be addressed under rule 3.850, the trial court may wish to reconsider its determination that the claim has no merit. See Manies v. State, 621 So.2d 679 (Fla. 2d DCA 1993).