907 So.2d 1284 (2005)
Alfred Leroy ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3601.
District Court of Appeal of Florida, Second District.
August 10, 2005.
*1285 James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Alfred Leroy Robinson appeals the revocation of his probation and resulting sentence. He contends that he lacked notice of the conditions of his probation and that the trial court improperly revoked his probation based on proof that he had been arrested for two new law violations. We affirm the trial court's determination that Robinson violated conditions 3 and 9. However, we find merit in his argument regarding *1286 the alleged two new law violations. Because the trial court used an improper standard in revoking Mr. Robinson's probation based on the new law violations and because it is unclear from the record whether the trial court would have revoked probation based solely on the remaining violations, we reverse and remand.
A violation that triggers revocation of probation must be willful and substantial, and its willful and substantial nature must be supported by the greater weight of the evidence. Hightower v. State, 529 So.2d 726, 727 (Fla. 2d DCA 1988). Moreover, the trial court has broad discretionary power to revoke probation, and on appeal, its determination is reviewed for abuse of discretion. Anthony v. State, 854 So.2d 744, 747 (Fla. 2d DCA 2003).
The affidavit of violation of probation alleged that Mr. Robinson violated condition 3 of his probation by moving from his approved residence, condition 9 by failing to follow his probation officer's instructions, and condition 5 twice for committing the two new law violations of driving without a valid driver's license and driving under the influence.
Among the State's witnesses testifying at the revocation hearing were the law enforcement officers who came into contact with Mr. Robinson after he allegedly committed the new law violations. Both the officer who initially pulled Mr. Robinson over and the arresting officer testified that Mr. Robinson smelled of alcohol, his speech was slurred, and his eyes were bloodshot. Moreover, the arresting officer observed that Mr. Robinson had a distinct sway as he was standing; therefore, the officer administered field sobriety exercises, which produced additional evidence to support the officer's belief that Mr. Robinson was intoxicated. Before they arrested Mr. Robinson, both officers had formed the opinion that he was impaired to the extent that his ability to safely operate a vehicle would be affected.
Additionally, when Mr. Robinson was pulled over, he admitted that he did not have a valid driver's license. After receiving Miranda[1] warnings, Mr. Robinson admitted a second time to driving without a valid driver's license. A subsequent records check verified his admissions.
At the revocation hearing, the trial court stated that the issue was whether Mr. Robinson was arrested for the new law violations, not whether he was guilty or not guilty of the charges. Accordingly, the trial court found that Mr. Robinson violated condition 5 of his probation by "being arrested for Driving Under the Influence and being arrested for No Valid Driver's License." However, it is improper to revoke probation solely on proof that the probationer has been arrested. Ontiveros v. State, 746 So.2d 1174, 1174 (Fla. 2d DCA 1999). As this court recently stated in Sharpston v. State, 895 So.2d 1225, 1226 (Fla. 2d DCA 2005) (quoting Hines v. State, 358 So.2d 183, 185 (Fla. 1978)), "`the Florida Statutes do not authorize, nor would our constitution permit, a permanent revocation of probation based solely upon proof of an arrest during the probationary period.'" In Sharpston, the defendant admitted being arrested, but he never admitted that he actually committed the crime. Therefore, this court reversed.
In this case, it is apparent from a review of the transcript of the revocation *1287 hearing that the trial court did not merely misspeak when it revoked Mr. Robinson's probation based on the fact of his arrest. Rather, the trial court's misperception of what the State needed to prove in order to revoke on the new law violations was pervasive. When the prosecutor attempted to show a complete police video of the events leading to Mr. Robinson's arrest, the trial court ended its review before the implied consent warnings were reached, stating: "I don't need to see it. I'm just concerned that he got arrested for these offenses, that's all I care about." Later, during the defense attorney's closing, the court made another comment indicating that it was not concerned with whether Mr. Robinson actually committed the substantive offenses, but it was instead concerned exclusively with the fact of Mr. Robinson's arrest.
The proper standard for finding a new law violation is whether a preponderance of the evidence establishes that the probationer committed the charged offense or offenses. See Reyes v. State, 711 So.2d 1378, 1378 (Fla. 2d DCA 1998); Amador v. State, 713 So.2d 1121, 1122 (Fla. 3d DCA 1998). "Proof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking" probation. Robinson v. State, 609 So.2d 89, 90 (Fla. 1st DCA 1992). Here, the trial court used an incorrect standard in finding the new law violations and never reached the ultimate issue of whether the State had proven the violation by the greater weight of the evidence. Accordingly, the trial court abused its discretion by finding that Mr. Robinson violated condition 5 of his probation.
Mr. Robinson violated condition 3 by moving from his approved residence without permission and leaving his whereabouts unknown until his arrest for the new law violations, and condition 9, by failing to follow instructions and report to the probation office. These are willful and substantial violations of probation. Mitchell v. State, 871 So.2d 1040, 1042 (Fla. 2d DCA 2004); Brown v. State, 776 So.2d 329, 330 (Fla. 5th DCA 2001). Although these violations are sufficient to support revocation, it is unclear from the record whether the trial court would have exercised its discretion to revoke Mr. Robinson's probation based solely on these violations, particularly because so much of the hearing focused merely on his arrest. See Anthony, 854 So.2d at 748; Gavins v. State, 587 So.2d 487, 491 (Fla. 1st DCA 1991); Neves v. State, 502 So.2d 1343, 1344 (Fla. 2d DCA 1987).
Because the trial court improperly revoked Mr. Robinson's probation based on the fact of his arrests for DUI and driving without a valid driver's license, and because we cannot determine whether the court would have revoked Mr. Robinson's probation based solely on his violations of conditions 3 and 9, we reverse and remand with instructions. See Davis v. State, 862 So.2d 931, 935 (Fla. 2d DCA 2004); Williams v. State, 787 So.2d 180, 182 (Fla. 2d DCA 2001).
On remand, the court should consider whether Mr. Robinson's violations of conditions 3 and 9 warrant revocation of his probation. In the event that the court does not find these violations warrant revocation, the court shall hold a second revocation hearing on the alleged violations of condition 5. Finally, the trial court must enter a written order reflecting its findings.
Reversed and remanded with instructions.
SALCINES, J., and SCHEB, JOHN M., Senior Judge, Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).