PER CURIAM.
 

 This case began as an
 
 Anders
 
 appeal. Appellant’s underlying crime was grand theft over $20,000, a third-degree felony, to which he pleaded
 
 nolo contendere
 
 and was sentenced on July 30, 2007, to eighteen months of probation. He was subsequently charged with violation of probation. The public defender was ordered to file a supplemental initial brief addressing whether reversible error was committed when Appellant’s probation was revoked due to his arrest for DUI. We cited
 
 Hines v. State,
 
 358 So.2d 183 (Fla.1978);
 
 Lockett v. State,
 
 547 So.2d 1292 (Fla. 5th DCA 1989), and
 
 Purvis v. State,
 
 397 So.2d 746 (Fla. 5th DCA 1981), which stand, overall, for the proposition that probation cannot be revoked based solely on proof of an arrest during the probationary period where the sole condition assertedly violated was that the probationer “live and remain at liberty without violating any law” and the only evidence of a violation was hearsay.
 

 Here, Appellant admitted that he was arrested for DUI and identified the ticket that he received. He did not admit to the DUI. There was no Breathalyzer test, no arrest affidavit, no video of Appellant’s behavior during the traffic stop or booking offered in evidence.
 
 [1]
 
 The arresting officer did not testify. The only evidence of the law violation was the ticket. The trial court found that Appellant violated his probation based on the arrest and reinstated the probation and extended probation to five years. Without this violation, Appellant’s probationary period would have ended January 31, 2009.
 

 In its response, the State urges that this appeal should be dismissed because Appellant is now a fugitive from justice, an arrest warrant having been issued for Appellant on December 12, 2008. Under
 
 Griffis v. State,
 
 759 So.2d 668 (Fla.2000), if an appellant absconds after filing an appeal, the reviewing court has the discretion to dismiss the appeal. According to the State’s filing, Appellant absconded on or about December 12, 2008, and as of the date the State filed its response, February 18, 2009, he was still missing. Had Appellant gone missing after the end of his original term of probation, we would likely not dismiss the appeal; however, having elected to abscond during the original probationary term, this appeal is essentially
 
 *993
 
 moot. Accordingly, we elect to dismiss this appeal.
 

 APPEAL DISMISSED.
 

 GRIFFIN, TORPY and EVANDER, JJ., concur.
 

 [1]
 

 . Appellant principally relied on
 
 Robinson v. State,
 
 907 So.2d 1284, 1287 (Fla. 2d DCA 2005):
 

 The proper standard for finding a new law violation is whether a preponderance of the evidence establishes that the probationer committed the charged offense or offenses.
 
 See Reyes v. State,
 
 711 So.2d 1378, 1378 (Fla. 2d DCA 1998);
 
 Amador v. State,
 
 713 So.2d 1121, 1122 (Fla. 3d DCA 1998). “Proof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking” probation.
 
 Robinson v. State,
 
 609 So.2d 89, 90 (Fla. 1st DCA 1992). Here, the trial court used an incorrect standard in finding the new law violations and never reached the ultimate issue of whether the State had proven the violation by the greater weight of the evidence. Accordingly, the trial court abused its discretion by finding that Mr. Robinson violated condition 5 of his probation.