SUAREZ, J.
 

 The defendant appeals from the revocation of his probation for possession of a firearm by a convicted felon. We affirm.
 

 On November 30, 2005, the defendant pled guilty to possession of a firearm by a convicted felon in exchange for three years of probation. On December 22, 2005, less than one month later, the State filed an affidavit of violation of his probation alleging several offenses, including possession of a firearm by a convicted felon, drug offenses, grand theft, resisting an officer with and without violence and battery on a police officer, with a firearm. The defendant was arrested and charged with the foregoing offenses. At the probation violation hearing, an officer testified that he responded to the area of the defendant’s home because his partners were arresting another person for drug activity. He heard an “explosion” and saw the defendant exit the house head first by crashing through a jalousie window, and carrying a duffle bag. The Defendant hit the ground, got up and started running. When the officer attempted to arrest the defendant, he resisted and struck the officer with his elbow. The duffle bag contained a firearm and ammunition and, as verified later, a large quantity of marijuana and cocaine. The defendant’s girlfriend testified that she saw two police officers enter the defendant’s home and emerge from the house with the defendant in handcuffs. The defendant’s mother testified that she went into the house with the policemen, but did not see what happened. At the conclusion of the evidence presented at the probation violation hearing, the defendant argued that the State had failed to satisfy its burden of proving the charged violations of probation. The trial judge stated that he believed the officer’s testimony over the other testimony presented and revoked the defendant’s probation. The defendant was sentenced to fifteen years in prison, and here appeals.
 

 This Court relinquished jurisdiction for the trial court to enter a written order. On November 6, 2008, the trial court entered a written order revoking the defendant’s probation
 
 nunc pro tunc
 
 to April 4, 2007, the date when the probation violation hearing took place. In its written order, the trial court found that the defendant violated his probation based on possession of cannabis with intent to sell, possession of a firearm while on probation, resisting an officer with violence, resisting an officer without violence, possession of a firearm by a convicted felon, carrying a concealed firearm, trafficking in cocaine while armed, battery on a police officer, possession of cocaine with intent to sell, grand theft third degree, and being arrested on new offenses. The order further states: “that any one of these allegations standing independently, from the other, does constitute a violation of the Defendant’s probation.”
 

 Probation revocation orders are reviewed under an abuse of discretion standard.
 
 Perez v. State,
 
 599 So.2d 1385 (Fla. 3d DCA 1992). On appeal, the defendant contends that the violations for possession of drugs and trafficking may not be sustained since the State proved these violations solely on the basis of hearsay. He further contends that there was no evidence of grand theft.
 
 [1]
 
 Although hear
 
 *131
 
 say evidence cannot be the sole basis upon which to find a violation of probation,
 
 see, e.g., Weaver v. State,
 
 543 So.2d 443 (Fla. 3d DCA 1989), the trial court has broad discretion to determine whether the greater weight of the evidence supports a willful and substantial violation of probation.
 
 State v. Carter,
 
 835 So.2d 259 (Fla.2002). Here, the evidence supporting the violation of probation was a combination of non-hearsay observations and physical evidence as well as hearsay evidence. A Miami-Dade police officer testified that the defendant was carrying a duffle bag containing not only a firearm and ammunition but a large quantity of marijuana and cocaine. The officer testified that he received a disposition from the chemist stating that the contents had been tested and found to be cocaine and marijuana. The cocaine, marijuana and firearm seized were entered into evidence. This constituted sufficient evidence to satisfy the conscience of the court that the defendant substantially violated his conditions of probation. We find that the trial court did not abuse its discretion in revoking the defendant’s probation.
 
 [2]
 

 As the State essentially concedes, the defendant’s argument that his probation could not be revoked based upon the charge of grand theft is well taken. For this reason, we remand the case with instructions to strike that portion of the revocation order specifically referring to grand theft.
 

 Affirmed in part, reversed in part, and remanded with instructions to strike grand theft from the order of probation revocation and for resentencing accordingly.
 

 [1]
 

 . The defendant contends that reversal is required because the State failed to make findings as to which specific conditions of probation were violated. This contention fails, as the State has supplemented the record with the order revoking probation
 
 nunc pro tunc
 
 to the date of the probation violation hearing, which specifies, in detail, the offenses upon
 
 *131
 
 which the trial court revoked the defendant's probation and specifically finds: “that any one of these allegations standing independently, from the other, does constitute a violation of the Defendant’s probation.”
 

 [2]
 

 . We note that the defendant's probation was subject to revocation for violating other terms of his probation, such as picking up a charge and conviction for possession of a firearm. The defendant does not object to these charges since any one of them support a revocation of his probation.
 
 See McDonald, v. State,
 
 409 So.2d 224, 224 (Fla. 1st DCA 1982) (“violation of the other two probation conditions was a sufficient basis for revocation of defendant's probation and no abuse of the trial court's discretion was shown”).