SILBERMAN, Judge.
 

 Orlando Hernandez appeals from the revocation of his probation and resulting sentences for burglary of a structure and grand theft. Because the trial court found that Hernandez violated his probation based solely on his arrest for a new offense, we reverse the revocation order and resulting sentences and remand for further proceedings.
 

 Hernandez was on thirty-six months’ probation for burglary of a dwelling and grand theft. Condition five of his probation required that he “live and remain at liberty without violating the law.” At his revocation hearing, Hernandez admitted to violating condition five by being arrested on July 23, 2008, for an armed robbery that occurred on April 16, 2008. Defense counsel specified that Hernandez was admitting the arrest but “not admitting to any facts or circumstances of that Condition Five violation.”
 

 The State requested that the trial court consider testimony regarding the seriousness of the armed robbery charge for purposes of sentencing on the revocation. The defense contended that none of the facts of the armed robbery should be considered in sentencing on the revocation because Hernandez had not admitted guilt or been convicted on the new offense. The trial court stated, “Well, if he admits to being arrested and to a Condition Five, he’s not admitting guilt to the offense; to the substantive of offense [sic]. I can still take testimony concerning sentencing.”
 

 After hearing testimony, the trial court accepted Hernandez’s admission to being arrested, revoked his probation, and imposed concurrent sentences of forty-two months in prison. The written order reflects that the court found a violation of condition 5 based on Hernandez’s admission as to his arrest. Hernandez correctly contends that we must reverse because his arrest cannot be the sole basis for the revocation of his probation.
 

 “The proper standard for finding a new law violation is whether a preponderance of the evidence establishes that the probationer committed the charged offense or offenses.”
 
 Robinson v. State,
 
 907 So.2d 1284, 1287 (Fla. 2d DCA 2005). In
 
 Robinson,
 
 this court reversed a revocation of probation where “the trial court stated that the issue was whether Mr. Robinson was arrested for the new law violations, not whether he was guilty or not guilty of the charges.”
 
 Id.
 
 at 1286. This court has recognized that “ e[t]he Florida Statutes do not authorize, nor would our constitution permit, a permanent revocation of probation based solely upon proof of an arrest during the probationary period.’ ”
 
 Sharpston v. State,
 
 895 So.2d 1225, 1226 (Fla. 2d DCA 2005) (quoting
 
 Hines v. State,
 
 358 So.2d 183, 185 (Fla.1978)). Here, the trial court revoked Hernandez’s probation based solely upon his arrest.
 

 The State contends that the testimony at the revocation hearing concerning the armed robbery, which was presented for sentencing purposes, is sufficient to prove by a preponderance of the evidence that Hernandez committed the armed robbery. However, it is clear that the parties and the trial court were operating under an incorrect standard that an arrest was sufficient for the trial court to find a violation of probation.
 
 See Robinson,
 
 907 So.2d at 1287. As acknowledged in
 
 Sharpston,
 
 895 So.2d at 1226, our constitution and statutes do not allow a revocation of probation based solely upon an arrest. Moreover, just as occurred in
 
 Robinson,
 
 the trial court here “never reached the
 
 *145
 
 ultimate issue of whether the State had proven the violation by the greater weight of the evidence.”
 
 Robinson,
 
 907 So.2d at 1287.
 

 Because the trial court incorrectly revoked Hernandez’s probation based on his admission that he had been arrested, we reverse the revocation order and resulting sentences and remand for further proceedings. On remand, the State may attempt to prove a violation based on the same circumstances if the probationary period has not expired.
 
 See Sharpston,
 
 895 So.2d at 1226.
 

 Reversed and remanded.
 

 ALTENBERND, J., and FULMER, CAROLYN K., Senior Judge, Concur.