SCHWARTZ, Senior Judge.
Of the five separate violations found by the trial court in its order of July 22, 2010,[1] resulting in the revocation of Person’s probation and ensuing maximum thirty-year sentence, we find that three are unsupportable:
1. Whde Person was charged with an aggravated battery in violation of condition K4 by failing to live and remain at liberty without violating any law, the trial court found that the offense had not been established even by a preponderance of the evidence, as required to support a probation violation. While the court found that there was probable cause for his arrest on that charge, a mere arrest is obviously insufficient to establish a violation. See Hines v. State, 358 So.2d 183, 185 (Fla.1978); Hernandez v. State, 33 So.3d 143 (Fla. 2d DCA 2010); Sharpston v. State, 895 So.2d 1225 (Fla. 2d DCA 2005).
2. The claimed violation by Person’s failure to attend a substance abuse evaluation cannot stand because there is no such standard condition of probation, and none was clearly enunciated during the oral pronouncement of additional ones.[2] See Lawson v. State, 969 So.2d 222, *942 227 n. 3 (Fla.2007); Cole v. State, 932 So.2d 1123 (Fla. 4th DCA 2006); Parrish v. State, 898 So.2d 1074 (Fla. 1st DCA 2005).
3. It was alleged that Person had violated condition L3 of the order of probation in that he failed to file job search logs. Because there was no orally pronounced or written order which required the filing of such documents, he could not have been violated on this ground. See Williamson v. State, 43 So.3d 843 (Fla. 1st DCA 2010); Bell v. State, 24 So.3d 712 (Fla. 2d DCA 2009); Morales v. State, 518 So.2d 964 (Fla. 3d DCA 1988). The trial judge, however, found that he had violated condition L4 “by failing to being gainfully employed as evidenced by his failure to submit weekly job search logs as instructed by his probation officer.” (emphasis added). This finding is also unsustainable because (a) it represents a deviation from the accusations of the affidavit of violation of probation; see Garcia v. State, 73 So.3d 823 (Fla. 5th DCA 2011); Wilson v. State, 506 So.2d 1170 (Fla. 3d DCA 1987), and (b) there was insufficient evidence as to whether he had in fact failed to be “gainfully employed.” See Galego v. State, 27 So.3d 152 (Fla. 3d DCA 2010); Mitchell v. State, 607 So.2d 486 (Fla. 3d DCA 1992). Accordingly, violations 2, 3, and 5 are stricken from the order revoking probation.
We do find that the remaining two violations, driving without a valid license and failing to report timely to his probation officer, were both lawfully imposed and correctly found to have been violated. See Mata v. State, 31 So.3d 257 (Fla. 4th DCA 2010); Blake v. State, 21 So.3d 129 (Fla. 3d DCA 2009); Thompson v. State, 994 So.2d 468 (Fla. 3d DCA 2008). While we affirm the revocation based upon the latter two grounds, violations 1 and 4, we remand for resentencing based only on those two violations we have approved. See Blake, 21 So.3d at 129; Estevez v. State, 705 So.2d 972 (Fla. 3d DCA 1998).
Affirmed in part, reversed in part, and remanded for resentencing.

. A subsequent order filed July 30, 2010, was obviously entered in error and is stricken.

. The only conceivable reference to such a condition seems to have related instead to the process for acquiring a restricted driver's license.
THE COURT: Oh I’m sorry.
I also have to tell you, there is a two-year DL suspension.
*942 However, in six months, if you are otherwise eligible and you’ve undergone an evaluation, which you’re going to do for substance-abuse issues, and treatment is deemed necessary, you must enter, comply with, and successfully complete a program. Okay?
And so then you can petition if you're otherwise eligible for restricted license.
Do you understand that? Yes?
THE DEFENDANT: Yes.
THE COURT: Okay. Very well. So there is the two-year DL suspension.