IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ERNEST TODD KEENE,

      Appellant,

 v.                                                        Case No.  5D17-2455

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed October 20, 2017

3.800 Appeal from the Circuit
Court for Osceola County,
Elaine A. Barbour, Judge.

Ernest Todd Keene, Lake City, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kristen L. Davenport,
Assistant Attorney General, Daytona
Beach, for Appellee.


EDWARDS, J.

      Appellant seeks review of the order denying his rule 3.800(a) motion for

postconviction relief.  Appellant's first claim, that the trial court erred by failing to give him

a downward departure sentence, is meritless.  His second claim, that his conviction for

felony DUI was illegal because his prior DUI conviction was too far removed in time,

constitutes an attack on the sufficiency of the evidence.  This claim should have been

raised on direct appeal and is not cognizable under rule 3.800(a). *See Prince v. State*, 903 So. 2d 1068, 1069 (Fla. 2d DCA 2005). In his third claim, Appellant asserts in a conclusory fashion that he was sentenced above the limit contemplated by the plea offer; however, Appellant makes no claim that this increase rendered his sentence illegal. Given its conclusory nature, this claim is also meritless. *See Santiago v. State*, 22 So. 3d 789, 790 (Fla. 5th DCA 2009). We affirm the denial of those three claims.

We also affirm as to Appellant's fourth claim, in which he asserts that the postconviction court lacked jurisdiction to revoke his original term of community control and probation imposed for Count I, because he had already completed the requisite terms under that count. Although Appellant was still serving a term of probation as punishment for his conviction under Count II, it appears that he may have completed his sentence as to Count I at the time the lower court ordered his community control and probation revoked as to both Counts I and II. This claim cannot be adjudicated based upon the records presented. However, we affirm without prejudice for Appellant to raise this jurisdictional claim in a timely motion pursuant to rule 3.850 if he can argue in good faith that the sentence imposed for violation of probation was more severe because the lower court's order of revocation was as to both Counts I and II, rather than only revoking as to Count II.

AFFIRMED.

TORPY and LAMBERT, JJ., concur.

2