# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-0204
_____

STEVEN EARL KIMMONS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
John L. Miller, Judge.

April 3, 2019

BILBREY, J.

Steven Earl Kimmons appeals the final judgment entered December 15, 2015, finding him in violation of probation, revoking his probation, and sentencing him to five years' imprisonment. He also appeals the separate order of revocation of probation, entered on the same date. We affirm the orders to the extent that they find Kimmons violated his probation, and we affirm the revocation of his probation. We remand for the trial court to strike its findings that Kimmons committed all the violations charged in the second amended affidavit of violation of probation and to resentence Kimmons based on only the violations properly found by the court.

While Kimmons was on probation for the offense of grand theft of an automobile he allegedly violated his probation. In

paragraphs I. through V. of the second amended violation of probation affidavit, Kimmons was alleged to have failed to report to his probation officer, changed his residence without consent of his probation officer, failed to comply with instructions of his probation officer, failed to pay court costs, and used alcohol or illegal drugs. In paragraphs VI. through X. of the second amended violation of probation affidavit, Kimmons was alleged to have failed to live and remain at liberty without violating any law by committing sexual assault on a victim over twelve with special conditions[1] and by committing four counts of sexual battery upon a mentally defective victim.[2]  *See* § 794.011(4) & (5), Fla. Stat. (2014).

Kimmons was ultimately tried by a jury on three counts of sexual battery.  *See* § 794.011(5)(b), Fla. Stat. (2014).  These three counts all concerned the same incidents alleged in the second amended violation of probation affidavit.  Kimmons was convicted by the jury of one count.  We affirmed his conviction and sentence on appeal.  *See Kimmons v. State*, 2019 WL 994537 (Fla. 1st DCA Mar. 1, 2019).  At the sentencing hearing for the new offense, the trial court considered the violation of probation allegations and found that Kimmons "did those things of which he was accused" and thus violated his probation.

The State never presented any evidence to support, and the trial court made no findings regarding, the allegations in paragraphs I. through V.  referenced in the order of revocation of probation.  Additionally, Kimmons never admitted to violating probation.  Kimmons argues on appeal error in the revocation

___

[1] This should have read sexual battery rather than sexual assault since there is no crime by that name under Florida law. But this misnomer is not argued here, and even if had been argued, would be immaterial in this case.  *See Smith v. State*, 44 Fla. L. Weekly D559, 2019 WL 942980 (Fla. 1st DCA Feb. 27, 2019).

[2] Condition 5 of the order of probation required Kimmons to "live without violating any law."  This Condition specified that "[a] conviction in a court of law is not necessary for such a violation of law to constitute a violation of your probation, community control, or any other form of court ordered supervision."

order finding ten violations as grounds for the revocation, when only paragraphs VI. through X. in the second amended affidavit of violation of probation concerned the new law violation. Kimmons also argues that paragraphs VI. through X. referred to in the separate order revoking probation were not the offenses upon which the State proceeded to trial in the new criminal prosecution.

The parties agree that the errors asserted here were unpreserved for appellate review. Accordingly, ordinary error is not enough, and reversal requires a showing of fundamental error. "[R]evoking probation based partly on a purported violation that was not proved or admitted constitutes fundamental error." *Odom v. State*, 15 So. 3d 672, 678 (Fla. 1st DCA 2009). However, "[p]robation is properly revoked where a probationer is convicted of a necessarily lesser-included offense of the crime identified in the violation of probation affidavit." *McCloud v. State*, 249 So. 3d 739, 741 (Fla. 1st DCA 2018).

In this case, violations VI. through X. as alleged in the second amended violation of probation affidavit stem from the new criminal charges. Prior to trial of the new charges, the State amended its Information to charge three counts of an offense which constitutes a necessary lesser-included offense of the original charges. *See* Fla. Std. Jury Instr. (Crim.) 11.3. Kimmons was convicted of one of these necessary lesser-included counts. Accordingly, no fundamental error is demonstrated in the final judgment revoking Kimmons' probation for committing a new law violation, and the judgment is affirmed to the extent that it revokes probation.

However, we remand this case for correction of the separate order of revocation of probation which specified ten grounds upon which the revocation was based including five new law charges.[3]

---

[3] Even though the jury returned a not guilty verdict on two of the offenses, the trial court may have intended to find Kimmons violated his probation by committing all three of the offenses tried by the jury. If this was the trial court's intention, it would have been permissible since the burden of proof on a violation of probation is based on the greater weight of the evidence as opposed to proof beyond a reasonable doubt. *See Stallworth v. State*, 21 So.

3

To the extent that order of revocation of probation lists grounds not proved by the State, the trial court is instructed to enter a corrected order striking the unproven violations and reflecting only the actual grounds it found proved by the State and upon which the revocation is based. *Odom*, 15 So. 3d at 678.

The record is clear based on the court's statement at the sentencing hearing that the trial court would have revoked Mr. Kimmons' probation based solely on his conviction of the new offense. However, it is not clear from the record whether the court would have imposed the same five-year sentence based only upon the new law violation. *See Williams v. State*, 165 So. 3d 870 (Fla. 1st DCA 2015). Accordingly, upon remand, the trial court shall also determine whether it would have entered the same sentence upon the violations found by the court, and if not, conduct further proceedings accordingly.

AFFIRMED in part, REVERSED in part, and REMANDED.

ROWE and KELSEY, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Andy Thomas, Public Defender, and Danielle Jorden, Assistant Public Defender, Tallahassee, for Appellant.

Ashley B. Moody, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.

---

3d 84 (Fla. 1st DCA 2009); *Morris v. State*, 727 So. 2d 975 (Fla. 5th DCA 1999).