# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-2515
Lower Tribunal Nos. 2021-CF-007011, 2022-CF-000517, and 2023-CF-010505

_____

BRENDAN JEREMIAH CONSEILLANT,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Catherine L. Combee, Judge.

February 6, 2026

PER CURIAM.

Appellant, Brendan Jeremiah Conseillant ("Conseillant"), challenges the trial court's revocation of his probation and resulting sentences. In 2022, Conseillant entered a plea of nolo contendere to multiple felonies. He was sentenced to 24.3 months in prison followed by 24 months of probation. One of the conditions of his probation required Conseillant to "live without violating any law."

While serving his probation, Conseillant was arrested and later charged with five new offenses. During the trial court's colloquy for Conseillant's admission to

violation of probation based on some of the new offenses, the court asked Conseillant, "[D]o you wish to admit or deny that you violated your probation by being arrested on a new charge?" Conseillant responded, "I admit," and the trial court revoked his probation and sentenced him to prison for the original underlying offenses. The trial court's revocation was based solely on this admission, not on any conviction(s) for any of the new offenses or any proof that he committed any of the new offenses.

Because the trial court's revocation of probation was improperly based on Conseillant's admission to an arrest rather than an admission to actually violating a law, we reverse the revocation order and resulting sentences and remand for further proceedings.[1] *See Hines v. State*, 358 So. 2d 183, 185 (Fla. 1978) ("[I]t is generally agreed to be improper to permanently revoke probation based solely upon proof that a probationer has been arrested. . . . The Florida Statutes do not authorize, nor would our constitution permit, a permanent revocation of probation based solely upon proof of an arrest during the probationary period."); *Hernandez v. State*, 33 So. 3d 143, 144 (Fla. 2d DCA 2010) (reversing revocation order and resulting sentences where trial court revoked probation based on the defendant's admission that he was

---

[1] While Conseillant did not preserve this error below, "[r]evoking probation based partly on a purported violation that was not proved or admitted constitutes fundamental error." *Kimmons v. State*, 267 So. 3d 1082, 1084 (Fla. 1st DCA 2019) (quoting *Odom v. State*, 15 So. 3d 672, 678 (Fla. 1st DCA 2009)).

arrested). On remand, the trial court may determine whether to revoke Conseillant's probation based on any convictions that occurred for the new offenses and the State may also attempt to prove a violation of probation based on Conseillant's commission of any of the new offenses.

REVERSED and REMANDED.

NARDELLA, MIZE and BROWNLEE, JJ., concur.

Blair Allen, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and David Campbell, Senior Assistant Attorney General, and Sonia C. Lawson, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED