764 So.2d 757 (2000)
Johnny D. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2599.
District Court of Appeal of Florida, Second District.
July 7, 2000.
*758 James Marion Moorman, Public Defender and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Appellant challenges his judgment and sentence following the revocation of his community control in two separate cases. We find no merit in appellant's argument that the trial court erred in finding that he wilfully and substantially violated his community control. Appellant's probation officer testified that he had failed to pay costs of supervision in violation of condition (2), that he failed to register as a sex offender in violation of condition (9), that he failed on two occasions to remain confined to his approved residence in violation of condition (12), and that he failed to pay court costs in violation of condition (13). After a review of the record, we conclude that the trial court did not abuse its discretion in finding that appellant violated conditions (9) twice and (12) once, and affirm the revocation.
We do, however, find merit in appellant's argument regarding the revocation order. A review of the transcript reveals that the trial court orally found appellant in violation of condition (9) twice, in failing to register as a sex offender with the sheriffs office, and in failing to register with the Department of Motor Vehicles; and in violation of condition (12) for failing to remain confined to his approved residence on January 24, 1999. The written order of revocation in Case No. 97-0776 found appellant in violation of conditions (2), (12) twice, and (13). In Case No. 97-1032, the written order of revocation specifies a violation of conditions (2), (9) twice, and (13). A written order of revocation must conform with the trial court's oral pronouncement. See Narvaez v. State, 674 So.2d 868 (Fla. 2d DCA 1996). We, therefore, remand with directions that the revocation orders be corrected to conform to the oral pronouncement.
Finally, the offenses occurred on April 14, 1997, and between February 1 and March 11, 1997. Because appellant was sentenced pursuant to the 1995 sentencing guidelines, on remand, the trial judge is directed to reconsider his sentence. See Heggs v. State, 759 So.2d 620 (Fla.2000). Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
Affirmed in part; remanded with directions.
CAMPBELL, A.C.J., and SALCINES, J., and DANAHY, PAUL W., (Senior) Judge, Concur.