873 So.2d 480 (2004)
Travis TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5805.
District Court of Appeal of Florida, Second District.
May 12, 2004.
James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Travis Turner seeks review of the final judgment and sentence adjudicating Turner guilty of two counts of robbery and two counts of aggravated battery with great bodily harm to victims over sixty-five and the subsequent revocation of Turner's probation. Because the verdict and judgment are supported by substantial competent evidence, we affirm without comment the conviction and the revocation of probation based on the conviction. However, because the written order of revocation of probation does not conform to the trial *481 court's oral pronouncement, we remand with directions that the revocation order be corrected to conform to the oral pronouncement.
Following sentencing, the trial court announced that it was revoking Turner's probation for four violations of condition 5 based on Turner's new conviction in this case. However, the written order of revocation of probation states that probation was revoked for one violation of condition 1, two violations of condition 3, three violations of condition 8, one violation each of conditions 15 and 17, and eight violations of condition 5.
A written order of revocation of probation must conform with the trial court's oral pronouncement. Williams v. State, 764 So.2d 757 (Fla. 2d DCA 2000). Accordingly, we remand with directions that the order of revocation be corrected to conform to the trial court's oral pronouncement.
COVINGTON and VILLANTI, JJ., concur.