884 So.2d 496 (2004)
Dahlgren HAWKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-338.
District Court of Appeal of Florida, Second District.
October 8, 2004.
James Marion Moorman, Public Defender, and Deana K. Marshall, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Dahlgren Hawkins appeals the revocation of his drug offender probation and resulting sentences for grand theft motor vehicle, burglary of a dwelling, grand theft third degree, and possession of cocaine. We affirm the revocation of probation and resulting sentences; however, we reverse the revocation order as to the finding of a violation of condition 13, that Hawkins obtain a drug evaluation within thirty days, because the State presented only hearsay evidence to support the violation. See Johnson v. State, 691 So.2d 43, 44 (Fla. 2d DCA 1997) (determining that hearsay testimony of probation officer was insufficient to support a violation when the State failed to introduce the probation file into evidence under the business records exception to the hearsay rule). Because the remaining violations of probation, which include new law violations, are substantial, we affirm the revocation of probation. See Mitchell v. State, 871 So.2d 1040, 1042 *497 (Fla. 2d DCA 2004) (recognizing that when an appellate court reverses a violation of community control, the court need not remand for reconsideration of whether to revoke community control when remaining violations are substantial). Thus, we remand for the trial court to strike the finding of a violation of condition 13 from the revocation order.
Affirmed in part, reversed in part, and remanded.
FULMER and VILLANTI, JJ., concur.