920 So.2d 158 (2006)
Helen Luvenia HODGES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-4807.
District Court of Appeal of Florida, Second District.
February 3, 2006.
*159 James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Helen Luvenia Hodges appeals the revocation of her probation and the resulting adjudication of guilt on the charge of grand theft. Because of multiple deficiencies in the proceedings in the trial court, we reverse the order of revocation of probation and the adjudication of guilt and remand this case to the trial court for further proceedings.
In October 2003, Ms. Hodges pleaded guilty to a grand theft charge. The court sentenced her to eighteen months' probation but withheld an adjudication of guilt. While on probation, Ms. Hodges was arrested for driving with a suspended license and attaching tag not assigned. Ms. Hodges pleaded no contest to the driving with a suspended license violation, and the trial court withheld an adjudication of guilt on the new charge. However, the State filed an affidavit alleging that Ms. Hodges had violated her probation with three violations of condition five (new law violations) and four violations of other conditions.
In October 2004, the trial court held a hearing on the alleged violations of probation. At the hearing, defense counsel attempted to argue that although Ms. Hodges had been arrested and pleaded no contest to the new law violation, his client "was not guilty of that offense." The trial court effectively barred this argument or any additional objection by defense counsel with the peremptory remark: "But so much for the legal discussion; we have a 192-page docket." The trial court then asked Ms. Hodges, "Are you admitting that you got arrested on new charges while you were on probation with this Court?" When Ms. Hodges answered affirmatively, the trial court said, "That's a violation of your probation; do you understand that? Getting arrested on a new charge?" Upon receiving another affirmative response from Ms. Hodges, the trial court revoked her probation, adjudicated her guilty on the grand theft charge, and restored her to probation for a new eighteen-month term. The State did not present any evidence at the hearing.
Ms. Hodges argues that the trial court erred by treating the no contest plea as res judicata in the probation revocation proceedings and that before it revoked her probation and adjudicated her guilty of grand theft, the trial court failed to give her an opportunity to be heard on whether the new law violation was willful and substantial. We agree. This court has stated that "[a] violation that triggers revocation of probation must be willful and substantial, and its willful and substantial nature must be supported by the greater weight of the evidence." Robinson v. State, 907 So.2d 1284, 1286 (Fla. 2d DCA 2005) (citing Hightower v. State, 529 So.2d 726, 727 (Fla. 2d DCA 1988)). A probationer who enters a plea of nolo contendere to a new *160 law violation is entitled to an opportunity in a probation revocation proceeding to be heard on whether he or she is guilty of the charge to which he or she pleaded nolo contendere. See Grizzard v. State, 881 So.2d 673, 676 (Fla. 5th DCA 2004).[1]
In this case, the trial court erred in precluding Ms. Hodges from contesting her guilt on the driving with a suspended license charge. The only factor that the trial court considered on this issue was Ms. Hodges' admission to an arrest on the new law violation. As we have said previously, "it is improper to revoke probation solely on proof that the probationer has been arrested." Robinson, 907 So.2d at 1286 (citing Ontiveros v. State, 746 So.2d 1174, 1174 (Fla. 2d DCA 1999)).
After the hearing, the trial court entered an order finding that Ms. Hodges had committed two new law violations in addition to the driving with a suspended license charge. In its order, the trial court also found that Ms. Hodges had violated four other conditions of her probation. However, the State presented no evidence of these alleged violations,[2] and Ms. Hodges did not enter an admission to any of them. Thus the trial court's finding of these additional violations is completely unsupported.
For these reasons, we reverse the order revoking Ms. Hodges' probation and the resulting adjudication on the grand theft charge and remand this case to the trial court for further proceedings. On remand, the trial court shall conduct a new hearing on the alleged violations and enter a written order reflecting its findings.
Reversed and remanded with directions.
STRINGER and KELLY, JJ., Concur.
NOTES
[1] We note that a conviction imposed after a plea of nolo contendere is a sufficient basis for the revocation of probation. See Maselli v. State, 446 So.2d 1079, 1080 (Fla.1984). Here, Ms. Hodges was not adjudicated guilty of the new law violation, and she attempted to assert her innocence of the charge during the revocation hearing.
[2] The trial court did not give the State an opportunity to present any evidence concerning the alleged violations of the four other conditions.