920 So.2d 1248 (2006)
James SPRAGUE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3934.
District Court of Appeal of Florida, Second District.
February 24, 2006.
*1249 James Marion Moorman, Public Defender, and Alisa Smith, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
James Sprague challenges the revocation of his probation. In 2001, Sprague pleaded no contest to making, possessing, or throwing a destructive device and causing harm; aggravated battery on a law enforcement officer; aggravated battery; and battery on a law enforcement officer. He was sentenced to three terms of 121.2 months' imprisonment and one term of five years' imprisonment, all to be served concurrently and all suspended in favor of four concurrent five-year terms of probation. After Sprague was once found in violation but continued on probation, his probation officer filed a second affidavit of violation, alleging that he violated the following conditions of his probation: condition 2 by failing to pay supervision costs, condition 9 by failing to pay court costs, and condition 5 by committing the new substantive offense of trespass after warning. Although an amended affidavit was filed adding two more alleged violations, the trial court found Sprague to be in violation based solely on the trespass and failure to pay costs.
"A violation that triggers revocation of probation must be willful and substantial, and its willful and substantial nature must be supported by the greater weight of the evidence." Robinson v. *1250 State, 907 So.2d 1284, 1286 (Fla. 2d DCA 2005) (citing Hightower v. State, 529 So.2d 726, 727 (Fla. 2d DCA 1988)). Furthermore, "[t]he proper standard for finding a new law violation is whether a preponderance of the evidence establishes that the probationer committed the charged offense or offenses." Id. at 1287 (citing Reyes v. State, 711 So.2d 1378, 1378 (Fla. 2d DCA 1998)).
We affirm the trial court's finding that Sprague violated his probation by committing the new substantive offense of trespass. At the violation of probation hearing, Officer Wheelis testified that in December 2001, he issued a written trespass warning to Sprague for the Frontier Mobile Home Park. Sprague testified that two months later, in February 2002, he was living in the mobile home park. Although Sprague also testified that he did not believe the trespass warning was still in effect, Officer Wheelis testified that he gave Sprague a copy of the written warning and informed him that the warning would be in effect for six months. As such, the trial court properly concluded that a preponderance of the evidence supported that Sprague committed the trespass and, thus, violated his probation.
However, because the State failed to establish at the violation of probation hearing that Sprague had the ability to pay his court costs and costs of supervision, we reverse the trial court's findings that he violated conditions 2 and 9. See Glasier v. State, 849 So.2d 444, 445 (Fla. 2d DCA 2003) ("When the probationer is accused of violating by failing to pay court costs or costs of supervision, the State must adduce evidence of [his or] her ability to pay to demonstrate willfulness.").
Nevertheless, the remaining violation based on the trespass was a violation of the law that Sprague committed while he was on probation. Because its willful and substantial nature was supported by the greater weight of the evidence, the revocation of Sprague's probation was justified. See Robinson, 907 So.2d at 1286. Accordingly, we affirm the revocation of probation and remand this case to the trial court to strike the improper findings of violations of conditions 2 and 9.
Affirmed and remanded.
ALTENBERND and KELLY, JJ., Concur.