927 So.2d 15 (2006)
Sandrilla HAYES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-4932.
District Court of Appeal of Florida, Second District.
March 22, 2006.
Rehearing Denied May 3, 2006.
*16 James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard E. MacDonald, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Sandrilla Hayes appeals her conviction and sentence imposed after she violated her probation. She received a sentence of sixty months for aggravated battery with a deadly weapon. She claims two errors. She first argues that the trial court erred in revoking her probation because there was insufficient evidence that she willfully and substantially violated numerous conditions of the probation. We find no merit in this argument and affirm the conviction and sentence without further discussion.
Second, she contends that the trial court erred in failing to grant her motion to correct sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.800(b). She had filed this motion during the pendency of this appeal claiming that the written revocation order does not comport with the trial court's oral pronouncement. See Williams v. State, 764 So.2d 757 (Fla. 2d DCA 2000). The trial court had announced at the revocation hearing that it found that she had violated four different conditions, but the written order indicates that the court found she had violated an additional two conditions. The State concedes the error but claims, and we agree, that the trial court would have revoked her probation even without including the evidence related to these two additional conditions.
We, therefore, affirm the conviction and sentence but remand for entry of a corrected revocation order. Ms. Hayes need not be present on remand when the amended revocation order is entered.
CASANUEVA, KELLY, and VILLANTI, JJ., Concur.