943 So.2d 984 (2006)
Darrell W. MATTHEWS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-4660.
District Court of Appeal of Florida, Second District.
December 8, 2006.
*985 James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Darrell W. Matthews appeals from the trial court's order revoking his probation. His first contention is that the court should have ordered a Nelson hearing[1] when he expressed dissatisfaction with his counsel. We reject this argument because it is clear that Mr. Matthews articulated only generalized unhappiness with his attorney and never requested that his appointed counsel be discharged for specific acts of incompetence. In such a case, a trial court does not abuse its discretion when it fails to order a Nelson hearing. Augsberger v. State, 655 So.2d 1202, 1204-05 (Fla. 2d DCA 1995).
Mr. Matthews' second argument is that the court erred when it revoked his probation on the ground that he failed to perform community service hours as ordered. We agree. The deficiency in the order revoking Mr. Matthews' probation on the basis of his failure to perform community service hours derives from his original probation order's omission of defined times for his commencement and completion of the condition. This court has consistently held that such a violation will not be deemed willful and substantial if the performance parameters have not been spelled out and sufficient time remains in the probationary period for the probationer to complete the requirement. See Bowser v. State, 937 So.2d 1270, 1272 (Fla. 2d DCA 2006); Bryant v. State, 931 So.2d 251, 253 (Fla. 2d DCA 2006); Shipman v. State, 903 So.2d 386, 387 (Fla. 2d DCA 2005).
Although we agree that the court erred in that regard, we also hold that the *986 State presented competent, substantial evidence demonstrating by the greater weight of the evidence that Mr. Matthews committed the new law violations of possession and delivery of cocaine. That fact in itself was a sufficient basis on which to revoke his probation. See Hawkins v. State, 884 So.2d 496, 496-97 (Fla. 2d DCA 2004) ("Because the remaining violations of probation, which include new law violations, are substantial, we affirm the revocation of probation.").
Accordingly, we affirm the order revoking the defendant's probation but remand for the trial court to strike any reference to a violation of condition 27.
ALTENBERND and VILLANTI, JJ., Concur.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973) (establishing a procedure that a trial court must follow when a defendant indicates a desire to represent himself).