972 So.2d 263 (2008)
Marion Deloris CAMPBELL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1429.
District Court of Appeal of Florida, Fifth District.
January 4, 2008.
James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Carlos A. Ivanor, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Marion Campbell appeals the order entered by the trial court, which revoked her probation based on her admission that she violated condition fifty-eight by failing to complete community service hours. Notably, Campbell did not admit that she violated condition eight (requiring compliance with the probation officer's instructions) and condition six (requiring Campbell refrain from illegal drug use). Nonetheless, in the written order, the court revoked Campbell's probation based on its finding that she had violated conditions six and eight, but oddly did not find Campbell had violated condition fifty-eight. The court sentenced Campbell to five years in the Department of Corrections.
We remand this case to the trial court to correct the scrivener's error in the written order so that it mirrors the court's acceptance of Campbell's plea based solely on a violation of condition fifty-eight. The revocation based on the two grounds to which Campbell did not submit a plea must be deleted. See Landry v. State, 380 So.2d 1191, 1192 (Fla. 5th DCA 1980) (finding that a trial court's order reflecting different findings than the oral pronouncement could be a harmless clerical error when other conditions were sufficient basis for violation); see also Hayes v. State, 927 So.2d 15, 16 (Fla. 2d DCA) (affirming the conviction and sentence but remanding for entry of a corrected revocation order; noting that defendant need not be present on remand when the amended revocation order is entered), review dismissed, 936 So.2d 565 (Fla.2006); Turner v. State, 873 So.2d 480, 480-81 (Fla. 2d DCA 2004) (remanding to conform the order to the oral pronouncement).
*264 We affirm the conviction and sentence but remand for entry of a corrected revocation order.
AFFIRMED and REMANDED.
PALMER, C.J. and THOMPSON, J., concur.