PER CURIAM.
In this consolidated appeal, Appellant challenges the judgment and sentence imposed upon the revocation of his probation. He also challenges the order denying his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm as to all points on appeal. We remand, however, with instructions that the trial court enter a written order, consistent with its oral finding, specifying which probation condition(s) Appellant violated. Appellant need not be present when the order is entered. See, e.g., Campbell v. State, 972 So.2d 263 (Fla. 5th DCA 2008) (affirming order revoking probation but remanding for court to correct order to show correct ground for revocation); Hayes v. State, 927 So.2d 15 (Fla. 2d DCA 2006) (affirming conviction and sentence but remanding for corrected revocation order; noting defendant’s presence not necessary when amended revocation order entered on remand); Turner v. State, 873 So.2d 480 (Fla. 2d DCA 2004) (affirming revocation of probation but remanding to conform written order to oral pronouncement).
AFFIRMED and REMANDED.
ORFINGER, MONACO and TORPY, JJ., concur.