DARAN, STEVEN L., Associate Senior Judge.
 

 Jerry L. West seeks review of the final judgment and sentence adjudicating him guilty of unauthorized use or possession of a driver’s license as well as the revocation of his probation. We affirm without comment the conviction and the revocation of probation based on the conviction. However, because the written order of revocation does not conform to the trial court’s oral pronouncement, we remand with directions that the revocation order be cor
 
 *1291
 
 rected to conform to the oral pronouncement.
 

 At the revocation hearing, the trial court announced that it was revoking West’s probation for two violations of condition 5 based on West’s failure to live and remain at liberty without violating the law.
 
 [1]
 
 However, the written revocation order states that probation was revoked for four violations of condition 5 and a separate violation of condition 4.
 

 “A written order of revocation of probation must conform [to] the trial court’s oral pronouncement.”
 
 Turner v. State,
 
 873 So.2d 480, 481 (Fla. 2d DCA 2004) (citing
 
 Williams v. State,
 
 764 So.2d 757 (Fla. 2d DCA 2000)). Accordingly, we remand this case with directions to the trial court to correct the written revocation order to conform to the oral pronouncement.
 

 Affirmed; remanded with directions.
 

 DAVIS and SILBERMAN, JJ., Concur.
 

 [1]
 

 . The trial court found that West violated this condition by possessing and delivering cocaine.