VILLANTI, Judge.
 

 Shannon Lenard Green appeals the revocation of his probation based on the trial court’s findings that he violated conditions 3, 5, 7, and 13 of his probation. We conclude that the evidence presented to the trial court was insufficient to support a violation of condition 13, and we remand for the trial court to strike its finding regarding that violation. However, we affirm the revocation of Green’s probation and the resulting sentence based on his violation of conditions 3, 5, and 7.
 

 On remand, the revocation of Green’s probation and his two-year sentence need not be reconsidered because competent, substantial evidence supported the trial court’s findings that Green willfully and substantially violated conditions 3 (prohibiting Green from changing residence without the consent of his supervising officer), 5 (requiring Green to live and remain at
 
 *450
 
 liberty without violating the law), and 7 (prohibiting Green from using or possessing illegal drugs), and these violations were sufficient to revoke probation.
 
 See, e.g., Miffin v. State,
 
 19 So.3d 377 (Fla. 2d DCA 2009) (directing trial court to strike findings that defendant had violated conditions 1, 3, and 10 of probation but affirming revocation and sentences because defendant’s new law violation alone was substantial enough to warrant revocation of probation);
 
 Brown v. State,
 
 6 So.3d 671, 672 (Fla. 2d DCA 2009) (directing trial court to strike violation of condition 2 of probation but affirming revocation and sentence on remaining grounds “because the trial court would have revoked probation based on the new law violation alone”);
 
 Matthews v. State,
 
 943 So.2d 984, 986 (Fla. 2d DCA 2006) (ordering trial court to strike reference to violation of one condition of probation but affirming revocation because defendant’s new law violation “itself was a sufficient basis on which to revoke his probation”);
 
 Sprague v. State,
 
 920 So.2d 1248, 1250 (Fla. 2d DCA 2006) (directing trial court to strike findings of violation of conditions 2 and 9 but affirming revocation based on new law violation);
 
 Robinson v. State,
 
 773 So.2d 566, 567-68 (Fla. 2d DCA 2000) (striking three grounds for revocation of probation but affirming revocation where defendant violated condition requiring him to file monthly reports).
 

 Finally, we note that there is an inconsistency between the court’s oral pronouncement and its written revocation order. The transcript of the revocation hearing reflects that the trial court orally found Green in violation of conditions 3, 5, 7, and 13. While the court orally discussed the terms of condition 1, it did not expressly find that condition 1 had been violated. However, the written order revoking probation entered two months after the revocation hearing recited that Green had violated conditions 1, 5, 7, and 13 and made no reference to condition 3. We direct the trial court on remand to amend its written order of revocation to conform to its oral pronouncement. See
 
 West v. State,
 
 1 So.3d 1290, 1291 (Fla. 2d DCA 2009) (remanding case to trial court to correct written revocation order to conform to the court’s oral pronouncement);
 
 Sampson v. State,
 
 375 So.2d 325, 325 (Fla. 2d DCA 1979) (same). Green need not be present when the above-discussed corrections are made.
 

 Affirmed; remanded with directions.
 

 ALTENBERND and WHATLEY, JJ., Concur.