LaROSE, Judge.
 

 Brian Gaddy appeals the trial court’s order revoking his probation. The trial court found that Mr. Gaddy violated three probation conditions: failing to report to his probation officer (condition two), moving from his approved residence without permission (condition four), and committing four new law violations (condition five). Mr. Gaddy argues that only hearsay testimony established the alleged violations of condition five. He seeks a new revocation hearing to determine if the trial court would revoke probation solely on the remaining two grounds. The State concedes error as to the evidence supporting the new law violations. However, the State contends, and we agree, that competent, substantial evidence otherwise supports the probation revocation. It is only necessary to remand to correct the trial court’s order.
 

 The trial court placed Mr. Gaddy on two years’ probation in September 2008, for
 
 *1259
 
 fleeing or attempting to elude a law enforcement officer in a vehicle driven at high speed or with wanton disregard for persons or property, a second-degree felony.
 
 See
 
 § 316.1935(3)(a), Fla. Stat. (2007). In December 2008, Mr. Gaddy moved from his approved residence without prior permission. The Department of Corrections did not know his whereabouts and, thus, classified him as an absconder. Mr. Gad-dy also failed to report to his probation officer. An affidavit of violation was filed alleging these violations of conditions two and four.
 

 Subsequently-filed affidavits alleged that Mr. Gaddy committed four new law violations, in violation of condition five. At the revocation hearing, the State presented only hearsay evidence to support these violations. A trial court may consider hearsay testimony at a violation of probation hearing.
 
 See Robinson v. State,
 
 744 So.2d 1188, 1189 (Fla. 2d DCA 1999). But, hearsay may not be the sole basis supporting a ground for revocation.
 
 Id.
 
 at 1189 n. 1 (citing
 
 Kipp v. State,
 
 657 So.2d 931, 932 (Fla. 2d DCA 1995));
 
 Franklin v. State,
 
 226 So.2d 461, 462 (Fla. 2d DCA 1969) (explaining that the introduction of hearsay in a revocation hearing is not error per se, so long as there is other proper and legally admissible evidence upon which the trial court can base its decision to revoke probation on a specific ground). The State failed to prove by competent, substantial evidence that Mr. Gaddy violated condition five.
 

 Nevertheless, the State established violations of conditions two and four by competent, substantial evidence. Standing alone, these violations justify revocation of probation.
 
 See Franklin,
 
 226 So.2d at 462;
 
 Robinson v. State,
 
 773 So.2d 566, 567-68 (Fla. 2d DCA 2000) (striking three grounds for revocation of probation but affirming revocation where defendant violated condition requiring him to file monthly reports);
 
 Green v. State,
 
 19 So.3d 449 (Fla. 2d DCA 2009) (holding that revocation of probation and sentence need not be reconsidered where one condition was not established but where competent, substantial evidence supported the trial court’s findings of violations of other conditions). We are convinced beyond a reasonable doubt that the trial court would have revoked probation on these two grounds alone.
 

 Accordingly, we affirm the revocation of Mr. Gaddy’s probation and the three-year prison sentence imposed. We remand for the trial court to strike the findings of violations of condition five and to enter a corrected revocation order reflecting violations of conditions two and four. Mr. Gad-dy need not be present for the correction of the revocation order.
 

 ALTENBERND and WHATLEY, JJ„ Concur.