MORRIS, Judge.
 

 Roy Eugene Whittaker appeals the revocation of his probation in five separate circuit court cases and his resulting prison sentences. The State proved new law violations in five new cases by a preponderance of the evidence, and because those new law violations were sufficient to justify the revocation of probation, we affirm the order revoking probation.
 
 See Gaddy v. State,
 
 23 So.3d 1258, 1259 (Fla. 2d DCA 2009);
 
 Green v. State,
 
 19 So.3d 449, 449-50 (Fla. 2d DCA 2009). However, we remand with directions for the trial court to strike the findings of new law violations in two new cases that we conclude were not supported by the State’s evidence.
 

 At the violation hearing, the State attempted to prove the new law offense of fraudulent use of a credit card by Whittaker at a local Wal-Mart in circuit court case number 08-1337. The State presented the testimony of Vincent Eurice and Carla Frase to prove that Eurice’s home was burglarized, that Frase’s credit cards and other items were stolen, and that some of Frase’s items were found in Whittaker’s residence. However, the only evidence that Whittaker fraudulently used Frase’s credit card at Wal-Mart was hearsay or improperly admitted because it was not authenticated.
 

 Frase’s boyfriend, Eurice, offered hearsay testimony that after calling their credit card companies, Eurice and Frase learned that one of Frase’s credit cards had been used at Wal-Mart. Frase also offered hearsay testimony that her credit card was used at Wal-Mart. Detective Atkinson offered hearsay testimony that the credit card company told her the date and time of the transaction at Wal-Mart and that the loss prevention officer at Wal-Mart told her the credit card was used during a particular transaction and the photographs from a Wal-Mart security camera, which were introduced into evidence, depicted that transaction.
 

 The photographs of the Wal-Mart transaction were not properly authenticated because no witness with the requisite knowledge testified that the photographs were a fair and accurate representation of what occurred at the Wal-Mart.
 
 See Bryant v. State,
 
 810 So.2d 532, 536 (Fla. 1st DCA 2002); Charles W. Ehrhardt,
 
 Florida Evidence
 
 § 401.2, at 137-38 (2009 ed.). In addition, Detective Atkinson’s testimony that the photographs depicted the use of Frase’s card was hearsay because it was based on information Atkinson had received from a Wal-Mart employee who did not testify at the violation hearing.
 
 See Gaddy,
 
 23 So.3d at 1259 (“A trial court may consider hearsay testimony at a violation of probation hearing. But, hearsay may not be the sole basis supporting a ground for revocation.” (citation omitted)). Accordingly, the trial court erred in relying on this evidence in finding the new law violation of fraudulent use of a credit card in case 08-1337.
 

 The trial court also erred in finding that the State proved the new law offense of
 
 *652
 
 attempted burglary of an unoccupied conveyance in circuit court case number OS-1461. The State did not introduce any evidence at the violation hearing relating to this new offense, and in fact, the prosecutor stated that he did not “think we ever talked about this case.”
 

 Accordingly, we affirm the revocation of probation but remand for the trial court to strike the findings of these two new law violations from the order revoking probation. We affirm Whittaker’s sentences without comment.
 

 Affirmed; remanded with directions.
 

 WALLACE and BLACK, JJ„ Concur.