ALTENBERND, Judge,
Specially concurring.
I concur in the court’s opinion and write only to make three observations. First, although the case law often discusses abuse of discretion as an appropriate standard of review for orders revoking probation, that standard is appropriate only after the State has presented a prima facie case allowing the trial court to make a decision to revoke probation. The actual standard of review in this setting would *614 seem to require this court to determine whether there was competent, substantial evidence presented at the evidentiary-hearing on the violation — including the hearsay evidence that is admissible in such a context — to authorize a revocation. See Gaddy v. State, 23 So.3d 1258, 1259 (Fla. 2d DCA 2009) (holding that the State, which presented only hearsay evidence, failed to prove by competent, substantial evidence that the defendant violated a condition of his probation). Unfortunately, the State failed to present a prima facie case.
Second, it is entirely possible that the State failed to present a prima facie case because the trial court sustained an objection to the hearsay testimony of the deputy concerning the father’s statements about the events in the house. Although that evidentiary ruling would have been correct in most hearings, because hearsay can be admissible in a violation hearing, I am inclined to believe that the trial court should have received this testimony and then determined at the end of the hearing whether it could be used in conjunction with direct evidence to support an order of revocation. In fairness to the trial court, the assistant state attorney at the violation hearing did not make this argument.
Finally, although double jeopardy will not bar a second proceeding, unless the terms of probation were somehow stayed during this appeal, the thirty-six-month terms of probation expired in January 2011. This appeal was filed in November 2009. Despite a heavy caseload, this court can still resolve some appeals within a year. But the limited budgets in both the public defender’s office and the office of the attorney general are now requiring those offices to seek extensions in many cases to handle their extensive workload. As a result of the extensions granted to both sides, the State did not file its answer brief until February 9, 2011.