NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TYLER SANKEY,                    )
                                 )
          Appellant,             )
                                 )
v.                               )    Case No. 2D15-2715
                                 )
STATE OF FLORIDA,                )
                                 )
          Appellee.              )
_____  )

Opinion filed June 22, 2016.

Appeal from the Circuit Court for
Polk County; Michael E. Raiden,
Judge.

Howard L. Dimmig, II, Public Defender,
and Alisa Smith, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Dawn A. Tiffin,
Assistant Attorney General, Tampa,
for Appellee.


PER CURIAM.

          Tyler Sankey appeals the order revoking his probation and the ensuing

judgment and sentences.  Because the State failed to prove a willful violation of

probation, we reverse and remand with instructions to reinstate Sankey's probation.

The affidavit of violation of probation alleged that Sankey violated condition 9 by failing to allow his probation officer to visit him at his home "as evidenced by his failure to answer repeated knocks on the doors and windows of his room." The affidavit also alleged that he violated condition 2 by failing to pay costs of supervision. The order of revocation of probation merely states that "the defendant is in violation" and does not indicate what conditions the trial court found that Sankey had violated.

Before a probationer can be imprisoned for failure to pay a monetary obligation, the trial court must inquire into the probationer's ability to pay and make an explicit finding that he willfully failed to do so. Del Valle v. State, 80 So. 3d 999, 1015 (Fla. 2011). The State, at a revocation hearing, must present sufficient evidence of willfulness, including evidence that the probationer had the ability to pay. Id. "The failure to comport with these requirements constitutes fundamental error." Id. at 1011. A probation officer's testimony that a probationer is in arrears on the costs of supervision but is employed is insufficient to prove a willful violation of probation. See Blackwelder v. State, 902 So. 2d 905, 906-08 (Fla. 2d DCA 2005).

At the hearing Sankey's probation officer, Linda Rodenberry, testified that Sankey had made no payments towards his costs of supervision. However, there was no testimony that he had the ability to make payments other than Rodenberry's opinion that he was employed and "had the ability to make some type of payments over the period of his supervision." Furthermore, the trial court did not make a finding of willfulness, stating only, "Although he has worked two jobs, he has never paid a penny." Because the evidence was insufficient to establish a willful violation of probation for failure to pay costs of supervision, Sankey was entitled to a favorable determination on

the alleged violation of condition 2.  See Robinson v. State, 773 So. 2d 566, 567 (Fla. 2d DCA 2000).

Regarding the alleged violation of condition 9, Rodenberry testified that Sankey lived in a rooming house.  At 7:00 a.m., she knocked on the window and the door of Sankey's room but no one answered.  The TV was on low and the air conditioner was running.  Sankey eventually came out of his room and allowed Rodenberry access about fifteen minutes after she arrived.  There was no testimony that Rodenberry announced herself as a probation officer and no evidence that Sankey was aware that his probation officer was knocking on his door.[1]  Following the revocation hearing testimony, Sankey argued that there was no evidence that he failed to comply with condition 9, stating, "It doesn't say that as soon as someone knocks on your door you have to answer."  Because the State did not establish by a preponderance of the evidence that Sankey willfully failed to allow Rodenberry to visit him at his home, Sankey was also entitled to a favorable determination on the alleged violation of condition 9.  See Hanania v. State, 855 So. 2d 92, 94 (Fla. 2d DCA 2003) ("For a trial court to revoke probation based on a violation of a condition of probation, the State must establish by a preponderance of the evidence that the violation was willful and substantial.").

We reverse the order of probation and the ensuing judgment and sentences and remand to the trial court with instructions to reinstate Sankey's probation.

CRENSHAW and LUCAS, JJ., and DAKAN, STEPHEN L., ASSOCIATE SENIOR JUDGE, Concur.

---

[1]Sankey testified that he was asleep and that he only heard the knocking when he got up to go to the bathroom.