NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GABRIEL JIMENEZ CONTRERAS,　　　　　)
a/k/a YONOTO ORTIZ FLORES,　　　　　　)
DOC #Y30905,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Appellant,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　　)　　　　Case No. 2D17-4989
　　　　　　　　　　　　　　　　　　　　　　　)
STATE OF FLORIDA,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Appellee.　　　　　　　　　　　　　)
_____)

Opinion filed June 19, 2019.

Appeal from the Circuit Court for Collier
County; Frederick R. Hardt, Judge.

Joshua Faett of The Faett Firm, Naples, for
Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa, for
Appellee.

BADALAMENTI, Judge.

　　　　　　　Gabriel Jimenez Contreras appeals the trial court's order revoking his

probation and sentencing him to sixty months' incarceration.  We find no error with the

trial court's determination that Contreras violated conditions 1, 3, and 9 of his order of

probation. However, we agree with Contreras's argument that the trial court's finding that he willfully violated condition 5 of his probation by committing new law offenses is not supported by competent substantial evidence. We further agree that the trial court abused its discretion in revoking his probation based on his failure to pay the costs of supervision without first finding that he had the ability to pay those costs. Because the trial court relied on both proper and improper grounds for revocation and we cannot determine whether the court would have revoked Contreras's probation based solely on the remaining violations, we reverse and remand with instructions.

During Contreras's term of probation for aggravated assault with a deadly weapon, the State filed an amended affidavit of violation of probation (VOP) alleging that he violated several conditions of his term of probation. At the hearing on the violations, the State offered the testimony of a probation officer for Collier County. The probation officer was not Contreras's original probation officer and did not file the VOP affidavits. The probation officer testified based on records maintained during the probation office's supervision of Contreras. The State also offered, and the court admitted, Contreras's order of probation as evidence.

As will be explained in detail below, Contreras testified in his defense, admitting that he committed some of the violations and offering explanations for other charged violations. At the conclusion of the hearing, the trial court found that the State proved by a preponderance of the evidence that he committed every violation alleged in the amended VOP affidavit. It revoked his term of probation and sentenced him to sixty months' imprisonment with credit for time served. Contreras timely appealed from the order revoking his probation.

To trigger the revocation of probation, the State must prove by the greater weight of the evidence that the probationer willfully and substantially violated the terms of probation.  Robinson v. State, 907 So. 2d 1284, 1286 (Fla. 2d DCA 2005).  We review the trial court's finding of a willful and substantial violation for competent substantial evidence.  Savage v. State, 120 So. 3d 619, 621 (Fla. 2d DCA 2013).  The trial court's decision to revoke probation is reviewed for an abuse of discretion.  Id. at 623.

Condition 5 of Contreras's order of probation required him to "live and remain at liberty without violating any law."  The State's amended VOP affidavit alleged that he violated this condition five times by committing five new criminal offenses in California.  Specifically, it alleged that he was arrested for the criminal offenses of DUI (twice), failure to appear, illegal entry, and violation of an injunction.  At the hearing, Contreras testified that he was arrested in California and charged with driving under the influence, failure to appear, and illegal entry.  He admitted to pleading to those charges, but he did not specify whether he pleaded guilty or no contest to those charges.  He admitted that he received additional charges for driving under the influence and violation of an injunction on a different date and pleaded to those charges as well.  Again, he did not specify how he pleaded.  His former probation officer also testified, after reviewing his file, that "[h]e also violated . . . condition number 5, I believe, four separate times with new charges in California."  (Emphasis added.)

At bottom, Contreras did not testify, and the State did not offer any proof, that Contreras committed or was convicted of any of the new law offenses.  Contreras was not offered the opportunity to explain the charges.  The trial court nonetheless

found that Contreras willfully and substantially violated condition 5 of his probation five times for those new law charges.

On appeal, Contreras argues that his testimony that he was arrested for and "pleaded" to the charges does not constitute competent substantial evidence that he committed the new law violations. We agree. First, we note that a probationer need not be convicted of an unlawful act before the court may revoke his probation on the basis that he committed a new law offense. See Maselli v. State, 446 So. 2d 1079, 1080 (Fla. 1984). That is, although a conviction is clearly a sufficient basis for revocation of probation, the State need only prove by a preponderance of the evidence that the probationer committed the unlawful act. Id. However, "it is improper to revoke probation solely on proof that the probationer has been arrested." Hodges v. State, 920 So. 2d 158, 160 (Fla. 2d DCA 2006) (quoting Robinson, 907 So. 2d at 1286). And evidence that a probationer entered a no contest plea to a new charge, without more, is similarly insufficient to sustain a revocation of probation. See id. Specifically, "[a] probationer who enters a plea of nolo contendere to a new law violation is entitled to an opportunity in a probation revocation proceeding to be heard on whether he or she is guilty of the charge to which he or she pleaded nolo contendere." Id. at 159-60; cf. Maselli, 446 So. 2d at 1080 (holding that a conviction imposed after a plea of nolo contendere is a sufficient basis for revoking a term of probation).

Here, the State's evidence established only that Contreras was arrested for new charges. Contreras did not specify if he pleaded guilty or no contest to any of those charges. Further, he was not offered an opportunity to be heard on whether he committed the charges for which he was arrested and entered those pleas. See

- 4 -

Hodges, 920 So. 2d at 159-60; Sharpston v. State, 895 So. 2d 1225, 1226 (Fla. 2d DCA 2005) ("Not once was Sharpston asked whether he actually committed the crime."). Simply stated, there is no record evidence that Contreras committed the new law offenses he was charged to have committed. We simply do not know on this record if Contreras pleaded guilty or no contest, whether the pleas resulted in convictions, or even if he committed those new law violations. Accordingly, we agree with Contreras that the State's evidence was insufficient to support the trial court's findings that he violated his probation by violating condition 5 five times. See Hodges, 920 So. 2d at 160; Sharpston, 895 So. 2d at 1226.

The trial court also found that Contreras willfully and substantially violated condition 2 of his terms of probation by failing to pay the costs of supervision. The State's evidence established that Contreras was employed at the time of the violation and was in arrears on his payments for the costs of supervision. That said, "testimony that a probationer is in arrears on the costs of supervision but is employed is insufficient to prove a willful violation of probation." Sankey v. State, 194 So. 3d 549, 550 (Fla. 2d DCA 2016). Indeed, "[b]efore a probationer can be imprisoned for failure to pay a monetary obligation, the trial court must inquire into the probationer's ability to pay and make an explicit finding that he willfully failed to do so." Id. at 549-50 (citing Del Valle v. State, 80 So. 3d 999, 1015 (Fla. 2011); see also Henderson v. State, 133 So. 3d 630, 630 (Fla. 1st DCA 2014) ("Although the State presented evidence tending to show that Ms. Henderson had the means to pay, the trial court failed to make explicit findings of willfulness as required by the caselaw."). Here, the trial court failed to inquire into Contreras's ability to pay the costs of his supervision and make explicit findings of

- 5 -

willfulness.  As such, Contreras was entitled to a favorable determination on the alleged violation of condition 2.  See Sankey, 194 So. 3d at 550.

In conclusion, competent substantial evidence does not support the trial court's findings that Contreras willfully violated conditions 2 and 5 of his order of probation.  We find no error with the trial court's findings as to Contreras's violations of conditions 1, 3, and 9.  As to our remand, the trial court did not explain its reasoning for revoking Contreras's violation or the sentence it imposed.  Because the trial court relied on both proper and improper grounds for revocation and we cannot determine whether the court would have revoked Contreras's probation based solely on his technical violations of conditions 1, 3, and 9, we remand with instructions.  See Robinson, 907 So. 2d at 1287.  On remand, the trial court should consider whether Contreras's violations of conditions 1, 3, and 9 warrant revocation of his probation.  If the trial court concludes that those violations do not warrant revocation or the sentence it originally imposed, the court shall hold a second revocation hearing on the alleged violations of condition 5.  See id.  The trial court shall enter a written order reflecting its findings.

Reversed and remanded with instructions.


KHOUZAM and SALARIO, JJ., Concur.