NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ISAAC HERRERA,                              )
                                            )
            Appellant,                      )
                                            )
v.                                          )        Case No.  2D18-3709
                                            )
STATE OF FLORIDA,                           )
                                            )
            Appellee.                       )
                                            )
_____    )

Opinion filed December 4, 2019.

Appeal from the Circuit Court for Charlotte
County; Donald H. Mason, Judge.

Howard L. Dimmig, II, Public Defender,
and Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, for Appellee.


MORRIS, Judge.

        In this appeal filed pursuant to Anders v. California, 386 U.S. 738 (1967),

Isaac Herrera appeals the revocation of his probation and resulting sentence for the

underlying crime of driving while license suspended (third conviction).  We affirm but

remand for the trial court to strike certain violations from the revocation order.[1]

_____

        [1]Based on the facts of this case, a more detailed Anders brief would have
been helpful to this court's review and, more importantly, would have satisfied counsel's

### I. Condition 5 (no new law violations)

The order of revocation lists four violations of condition 5 which barred Herrera from committing new law violations. However, while "the State need only prove by a preponderance of the evidence that the probationer committed [an] unlawful act[,] . . . 'it is improper to revoke probation solely on proof that the probationer has been arrested.' " Contreras v. State, 274 So. 3d 532, 534 (Fla. 2d DCA 2019) (quoting Hodges v. State, 920 So. 2d 158, 160 (Fla. 2d DCA 2006)). Thus, if the State fails to present evidence that a probationer committed a new law violation and if the record is unclear whether the probationer entered a plea to the charge or whether a plea resulted

---

responsibility in an Anders case. See In re Anders Briefs, 581 So. 2d 149, 151 (Fla. 1991) (explaining that in Anders cases, appellate counsel must "master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal" (quoting McCoy v. Court of Appeals, 486 U.S. 429, 438-39 (1988))); In re Order of First Dist. Court of Appeal Regarding Brief Filed in Forrester v. State, 556 So. 2d 1114, 1117 (Fla. 1990) (agreeing that at a minimum, the brief "should draw attention to anything in the record that might *arguably* support the appeal in order to assist the court in determining whether counsel conducted the required detailed review of the case" (quoting Forrester v. State, 542 So. 2d 1358, 1361 (Fla. 1st DCA 1989))); cf. Neal v. State, 142 So. 3d 883, 890 (Fla. 1st DCA 2014) ("[I]t is clear from Anders that a 'no-merit letter' (or brief which barely exceeds such statement), in which counsel merely states a bare conclusion that in counsel's opinion, 'there is no merit to the appeal,' is insufficient to meet counsel's responsibility." (quoting Anders, 386 U.S. at 742)). We understand that heavy caseloads and time constraints are a constant concern for the public defender's office and that addressing each condition of probation that was alleged to have been violated is a tedious task. But as noted by the Florida Supreme Court, while counsel does have a "compelling obligation to promote effectively and vigorously the client's cause[,] . . . counsel also maintains an obligation to the court to assist in rendering informed and just decisions." In re Order of First Dist. Court of Appeal Regarding Brief Filed in Forrester, 556 So. 2d at 1116.

Because we have concluded that revocation of Herrera's probation was proper based on several violations and, therefore, that the striking of various violations will have no effect on the revocation or his sentence, the striking of the Anders brief and supplemental briefing are not necessary to resolve this appeal.

in a conviction, the evidence is insufficient to establish that a new law violation occurred for purposes of revoking probation on that basis. See id.

Here, the record reflects that Herrera entered a no contest plea, was convicted, and was sentenced to a jail term for committing the new law violation of resisting an officer without violence. Indeed, Herrera admitted to this fact at the violation of probation (VOP) hearing. That particular violation of condition 5 was proven and was sufficient, by itself, to revoke Herrera's probation. See Green v. State, 19 So. 3d 449, 450 (Fla. 2d DCA 2009); Matthews v. State, 943 So. 2d 984, 986 (Fla. 2d DCA 2006).

However, the record does not support a revocation based on the three remaining condition 5 violations. The transcript of the VOP hearing reflects that defense counsel notified the court that while there were "a number of condition 5 violations alleged against Mr. Herrera . . . the agreement with the State [is that] Mr. Herrera is admitting to the violation of one condition 5 violation, specifically, resisting an officer without violence." During discussion about the dates of arrest for the various new law violations, the trial court clarified that there had been "three arrests." At that point, defense counsel asserted that the four new law violations were a result of three arrests but that "[t]he other three counts were nolle prossed" and that Herrera "denies the other three." Defense counsel referred to the remaining violations as "technical violations." When Herrera was asked during the plea colloquy whether he admitted "[t]o the violations of probation, specifically the Condition 5, resisting[,] and the technical violations," Herrera responded "No—yes. Well yes." There was no further specific discussion about the nature of any of the violations.

It is clear then that the State did not prove by a preponderance of the evidence that Herrera committed the three remaining condition 5 violations. In light of defense counsel's statement that Herrera denied the three technical violations and Herrera's response to the court, we cannot conclude that Herrera intended to admit those violations. Thus, on remand, the trial court will need to strike three of the condition 5 violations.

## II.     Condition 10 (failure to pay drug testing costs and court costs)

The affidavit of violation in this case listed two condition 10 violations, one for failing to pay court costs and another for failing to pay drug testing costs. During the oral pronouncement of revocation and sentence, the trial court merely stated that it found that Herrera was freely, voluntarily, and intelligently entering an admission and that "based on those admissions . . . that he has willfully and substantially violated the terms and conditions of his probation." But the order of revocation only lists one violation of condition 10, without specifying whether it was the failure to pay court costs or the failure to pay drug testing costs that served as the basis for the violation.

Beyond the possible discrepancy between the vague oral pronouncement and the written revocation order, however, is the fact that Herrera should not have been found in violation for either alleged failure to pay. First, the order of probation did not include a requirement for Herrera to pay drug testing costs either as a standard or special condition of probation. While condition 10 does require Herrera to "pay restitution, court costs and/or fees in accordance with special conditions imposed or in accordance with the attached orders," there is no requirement under the "special conditions" portion of the order requiring Herrera to pay for drug testing. In fact,

- 4 -

condition 11—which requires Herrera to submit to random drug and alcohol testing—is silent on the issue of payment. This error likely went unnoticed at the VOP hearing due to the fact that the parties and the court vaguely referred to all violations, except the new law violations, as "technical violations" without ever specifying the nature of the "technical violations."

"[P]robation cannot be revoked for violating a special condition that was not imposed by the court." Schlup v. State, 772 So. 2d 628, 629 (Fla. 1st DCA 2000). This principle applies even where the probationer fails to object to an alleged improper violation below because a revocation under such circumstances constitutes fundamental error. See Waldon v. State, 670 So. 2d 1155, 1158 (Fla. 4th DCA 1996). Thus the trial court could not revoke Herrera's probation based on his failure to pay for drug testing.

Regarding the violation for failure to pay court costs, that violation is problematic because Herrera still had time to comply with this provision and was still within the time parameters as set forth in the order of probation. The order of probation—which was entered on October 11, 2017—specified that Herrera had to pay $665 in court costs and that "[m]onetary obligations are to be paid within 11 months." Thus Herrera had until September 2018 to pay the court costs. However, the amended VOP affidavit was filed on May 23, 2018, and it specified that as of January 29, 2018, Herrera had not made any payments towards that obligation. But nothing else in the order of probation specifies that Herrera had to make monthly payments or pay a certain amount by a certain date. Herrera's questionable admission to the vague group of "technical violations" and his stipulation to the willful and substantial nature of the

violations notwithstanding, "a violation will not be deemed willful and substantial if the performance parameters have not been spelled out and sufficient time remains in the probationary period for the probationer to complete the requirement." Matthews, 943 So. 2d at 985; see also Antoine v. State, 684 So. 2d 266, 267 (Fla. 4th DCA 1996) (holding that where "the terms of appellant's obligation to pay court costs are not clear from either the transcript of the sentencing hearing or the written order," the appellant had "the entire term of his community control within which to" pay the court costs and that "it was error for the court to revoke appellant's community control prior to the expiration of appellant's community control term" based on his failure to pay $20.89 per month for his court costs). Although Herrera entered an admission to the VOP charges and has not filed a motion to withdraw that admission, this court has recognized that conviction of a crime that never occurred constitutes fundamental error. See S.K.W. v. State, 112 So. 3d 775, 776 n.1 (Fla. 2d DCA 2013). By analogy then, a probationer should not be found in violation of a condition of probation where that violation had not yet occurred. Cf. Waldon, 670 So. 2d at 1158 (analogizing failure to charge a crime to the failure to charge a violation of probation). Consequently, the trial court should not have revoked Herrera's probation based on either violation of condition 10, and that violation should be stricken on remand.[2]

---

[2]We note that it is possible that during sentencing, the trial court *orally* imposed the requirement to pay drug testing costs and/or *orally* imposed time requirements for the payment of the court costs. The transcript from the sentencing hearing is not part of the record on appeal. However, because we have concluded that probation was properly revoked for other violations, the striking of the condition 10 violation will have no effect on the revocation or Herrera's sentence, and thus we do not address this issue further.

Even though we have already determined that Herrera should not have been found in violation of condition 10, we note that the transcript of the VOP hearing does not reflect that the trial court inquired as to whether Herrera had the ability to pay any of his monetary obligations. The Florida Supreme Court holds that trial courts must make such an inquiry and must make an explicit finding of willfulness before revoking probation on that basis. Del Valle v. State, 80 So. 3d 999, 1011 (Fla. 2011). A trial court's failure to do so constitutes fundamental error. Id.

The affidavit of VOP reflects that Herrera was unemployed and living with his mother and that his source of income was unknown. We are not convinced that Herrera's stipulation to the willful and substantial nature of the violations established his ability to pay, especially considering the summary nature of the VOP hearing and the vague reference to the "technical violations" as a whole. Further, Herrera was entitled to a favorable determination on this alleged violation due to the absence of any evidence that the trial court inquired into his ability to pay. See Contreras, 274 So. 3d at 535 (holding that where trial court failed to inquire about appellant's ability to pay the costs of his supervision and failed to make explicit findings of willfulness, the appellant "was entitled to a favorable determination on the alleged violation of condition 2"). For this additional reason, Herrera's probation should not have been revoked for violations of condition 10.

III.    **Condition 2 (failure to pay cost of supervision)**

The trial court also found Herrera in violation of condition 2 for failing to pay $50 per month for the cost of supervision. This monetary obligation is expressly set forth in the order of probation. However, as with the violations of condition 10, the trial

court failed to conduct any inquiry at the VOP hearing into Herrera's ability to pay for purposes of revoking his probation for a violation of condition 2. Herrera was thus entitled to a favorable determination on this alleged violation. See Contreras, 274 So. 3d at 535. Accordingly, on remand, the trial court should strike the violation of condition 2.

### IV.    Conclusion

Having independently reviewed the record, we conclude that in addition to the one violation of condition 5 previously addressed, Herrera's probation was properly revoked for violations of condition 1 (reporting to probation officer as directed), condition 4 (prohibition against possessing, carrying, or owning a firearm or weapon), and condition 9 (answering all inquiries by the court or probation officer, permitting probation officer to visit, and complying will all instructions by the probation officer). We also conclude that his sentence is legal. Consequently, while we affirm the revocation of his probation and the resulting sentence, we remand with directions for the trial court to strike three of the condition 5 violations, the condition 10 violation, and the condition 2 violation.

Affirmed; remanded with directions.


SILBERMAN and LUCAS, JJ., Concur.